# U.S. District Court
## DISTRICT OF KANSAS (Topeka)
## CIVIL DOCKET FOR CASE #: 5:25−cv−04045−JWB−TJJ

Lawson v. Lawson
Assigned to: District Judge John W. Broomes
Referred to: Magistrate Judge Teresa J. James
Case in other court:  Anderson County District Court,
                    2020−DM−000131
                    10CCA, 25−03097
Cause: 28:1441 Petition for Removal

Date Filed: 05/05/2025
Date Terminated: 05/30/2025
Jury Demand: Defendant
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Petitioner**

**Jonathan David Lawson**

V.

**Respondent**

**Angeliina Lynn Lawson**
*ECF Notifications Only*

represented by **Angeliina Lynn Lawson**
1914 5th Avenue
Leavenworth, KS 66048
913−972−1661
Email: angeliinacourtrecords@gmail.com
PRO SE
*Bar Number:*
*Bar Status:*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 05/02/2025 | 1 | NOTICE OF REMOVAL from Anderson County District Court, case number 2020−DM−000131 Trial location of Kansas City, filed by Angeliina Lynn Lawson. (Attachments: # 1 Service Address) (nac) (Entered: 05/05/2025) |
| 05/02/2025 | 2 | CIVIL COVER SHEET re 1 Notice of Removal by Respondent Angeliina Lynn Lawson. (nac) (Entered: 05/05/2025) |
| 05/02/2025 | 3 | STATE COURT RECORDS from Anderson County District Court. (nac) (Entered: 05/05/2025) |
| 05/02/2025 | 4 | MOTION for Leave to Proceed in forma pauperis by Respondent Angeliina Lynn Lawson. NOTE − Access to document is restricted pursuant to the courts privacy policy. (referred to Magistrate Judge Teresa J. James) (Attachments: # 1 Financial Affidavit) (nac) (Entered: 05/05/2025) |
| 05/05/2025 | | NOTICE OF JUDGE ASSIGNMENT: Case assigned to District Judge Daniel D. Crabtree and Magistrate Judge Teresa J. James for all proceedings. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) |

| | | |
|---|---|---|
| | | NOTICE OF MAGISTRATE JUDGE AVAILABILITY: A United States magistrate judge is available to conduct all proceedings in this civil action if all parties voluntarily consent. Information & consent forms are available at https://www.uscourts.gov/file/459/download (nac) (Entered: 05/05/2025) |
| 05/05/2025 | 5 | DOCKET ANNOTATION: Respondent Angeliina Lynn Lawson is a registered pro se participant with ECF notifications only. (gw) (Entered: 05/05/2025) |
| 05/06/2025 | 6 | CORRECTED NOTICE OF REMOVAL filed by Angeliina Lynn Lawson.(msb) (Entered: 05/06/2025) |
| 05/07/2025 | 7 | ORDER REASSIGNING CASE: Case reassigned to District Judge John W. Broomes for all further proceedings. District Judge Daniel D. Crabtree no longer assigned to case. Signed by deputy clerk on 05/07/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(mig) (Entered: 05/07/2025) |
| 05/07/2025 | | NOTICE OF DEFICIENCY – State court petition is missing. The filing party/attorney is directed to correct the deficiency immediately. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (nac) (Entered: 05/07/2025) |
| 05/07/2025 | 8 | SUPPLEMENTAL to 6 Corrected Notice of Removal and Affidavit by Respondent Angeliina Lynn Lawson. (Attachments: # 1 Exhibit A – Email to Clerk Tina Miller – May 7, 2025, # 2 Exhibit B – Fax Confirmation of Notice of Removal – May 6, 2025, # 3 Exhibit C – Anderson County Docket – No entry of removal, # 4 Exhibit D – Finalized Judicial Misconduct Complaint, # 5 Exhibit E – Ron Wood's Motion to Withdraw Counsel, # 6 Exhibit F –Judge Godderz denying Motion to Withdraw Representation)(msb) (Entered: 05/08/2025) |
| 05/07/2025 | 9 | NOTICE to Court of inability to file state court records due to obstruction by Angeliina Lynn Lawson (msb) Modified to correct file date on 5/8/2025 (msb). (Entered: 05/08/2025) |
| 05/07/2025 | 10 | MOTION to Compel access to state court records and docket by Respondent Angeliina Lynn Lawson (referred to Magistrate Judge Teresa J. James) (msb) (Entered: 05/08/2025) |
| 05/08/2025 | 11 | SUPPLEMENTAL Notice of Post–Removal ADA Obstruction and Constructed Record Via Cart by Respondent Angeliina Lynn Lawson. (msb) (Entered: 05/09/2025) |
| 05/09/2025 | 12 | SECOND NOTICE of Clerk Obstruction and ADA Noncompliance by Angeliina Lynn Lawson (msb) (Entered: 05/09/2025) |
| 05/12/2025 | 13 | CIVIL COVER SHEET re 1 Notice of Removal by Petitioner Jonathan David Lawson. (ca) (Entered: 05/12/2025) |
| 05/12/2025 | 14 | MOTION for Writ of Certiorari, by Respondent Angeliina Lynn Lawson. (ca) (Entered: 05/12/2025) |
| 05/13/2025 | 15 | NOTICE (third) of Continued Docket Suppression and Record Tampering, by Angeliina Lynn Lawson. (Attachments: # 1 Exhibit H, # 2 Exhibit I)(ca) (Entered: 05/13/2025) |
| 05/15/2025 | 16 | REPORT AND RECOMMENDATION re 4 MOTION for Leave to Proceed in forma pauperis. The Court grants Respondent's Motion to Proceed in forma pauperis, but withholds service pending the District Judge's Section 1915 review. Respondent's objections to R&R due by 5/29/2025. Signed by Magistrate Judge Teresa J. James on |

| | | |
|---|---|---|
| | | 5/15/2025. Mailed to pro se party by regular mail. (kf) (Entered: 05/15/2025) |
| 05/15/2025 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 14 MOTION for Writ. The motion will be resolved by the District Judge. (kf)** (Entered: 05/15/2025) |
| 05/15/2025 | | (DISREGARD – STATISTCAL ENTRY ONLY) (msb) (Entered: 05/30/2025) |
| 05/16/2025 | 17 | OBJECTION to 16 Report and Recommendations by Respondent Angeliina Lynn Lawson(msb) (Entered: 05/16/2025) |
| 05/27/2025 | 18 | NOTICE of Patterned Enterprise and Racketeering Conspiracy by Angeliina Lynn Lawson (msb) (Entered: 05/27/2025) |
| 05/27/2025 | 19 | NOTICE of Continued Denial of Access to Records Post–Removal by Angeliina Lynn Lawson (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(msb) (Entered: 05/27/2025) |
| 05/29/2025 | 20 | ORDER denying, without prejudice, 10 Plaintiff's Motion to Compel Access to State Court Records and Docket. In light of the pending 16 Report and Recommendation recommending dismissal or remand of this matter, and Plaintiff's 17 Objections to the Report and Recommendation, the Court denies Plaintiff's Motion to Compel, without prejudice to refiling .after the District Judge enters his order on the Report and Recommendation, .if that order does not dismiss the case. Signed by Magistrate Judge Teresa J. James on 5/29/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf) (Entered: 05/29/2025) |
| 05/29/2025 | 21 | NOTICE of criminal investigation into court clerk and Jonathan Lawson by Angeliina Lynn Lawson (msb) (Entered: 05/29/2025) |
| 05/30/2025 | 22 | MEMORANDUM AND ORDER adopting Report and Recommendations 16 and remands this matter to the Anderson County District Court. Signed by District Judge John W. Broomes on 5/29/2025. Mailed to pro se party Angeliina Lynn Lawson by regular mail. (msb) (Entered: 05/30/2025) |
| 05/30/2025 | 23 | REMAND Letter to Anderson County District Court (msb) (Entered: 05/30/2025) |
| 05/30/2025 | | **Civil Case termed.(msb)** (Entered: 05/30/2025) |
| 05/30/2025 | 24 | MOTION to Reopen Case by Respondent Angeliina Lynn Lawson (msb) (Entered: 05/30/2025) |
| 05/30/2025 | 25 | NOTICE OF APPEAL as to 22 Memorandum & Order on Report and Recommendations by Respondent Angeliina Lynn Lawson. (msb) (Entered: 05/30/2025) |
| 05/30/2025 | | APPEAL FEE STATUS: Filing fee not paid – Re: Notice of Appeal – Final Judgment 25 on behalf of Respondent Angeliina Lynn Lawson. Filer granted IFP status on 5/15/2025. (THIS IS A TEXT ONLY ENTRY–NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION) (msb) (Entered: 05/30/2025) |
| 05/30/2025 | 26 | PRELIMINARY RECORD ON APPEAL transmitted to 10CCA: Re 25 Notice of Appeal – Final Judgment (Attachment: # 1 Preliminary Record on Appeal)(msb) (Entered: 05/30/2025) |
| 06/02/2025 | 27 | APPEAL DOCKETED in 10CCA on 5/30/2025 and assigned Appeal No. 25–3097: Re 25 Notice of Appeal – Final Judgment filed by Angeliina Lynn Lawson. (msb) (Entered: 06/02/2025) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KANSAS CITY, KANSAS

ANGELIINA LYNN LAWSON,

   Petitioner, Pro Se

   v.

JONATHAN DAVID LAWSON,

   Petitioner,

Case No: ___5:25-cv-4045___

**JURY DEMAND**

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1443

COMES NOW the Petitioner, Angeliina Lynn Lawson, Pro Se, and respectfully submits this Notice of Removal under 28 U.S.C. § 1443(1), removing state court proceedings in Case No. 2020-DM-131 (District Court of Anderson County, Kansas) to the United States District Court for the District of Kansas.

This case concerns substantial deprivations of federal civil rights under color of state law, including violations of the Americans with Disabilities Act (ADA), Title II, and Section 504 of the Rehabilitation Act; interference with constitutionally protected parental rights; and ongoing denial of meaningful access to the courts.

**I. BASIS FOR REMOVAL**

1. This Notice of Removal is filed pursuant to 28 U.S.C. § 1443(1), which allows removal of state cases where a person is denied or cannot enforce their civil rights in the courts of such State.

2. Petitioner/Respondent is being denied rights guaranteed under federal law, including but not limited to:

a. The right to self-representation under Faretta v. California, 422 U.S. 806 (1975);

b. The right to due process under the Fourteenth Amendment;

4

c. The right to reasonable accommodations under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132;

d. Protection from retaliation under 42 U.S.C. § 12203 for asserting ADA rights;

e. The right to be free from civil rights deprivation under color of state law, pursuant to 42 U.S.C. § 1983.

Although federal courts narrowly interpret § 1443 to apply primarily to racial equality rights (see *Georgia v. Rachel*, 384 U.S. 780 (1966)), Petitioner respectfully argues that the Americans with Disabilities Act, a civil rights statute enacted to eliminate discrimination and ensure equal access to courts for persons with disabilities, serves as a proper foundation for relief under § 1443(1). Petitioner seeks to preserve this position for appellate review under 28 U.S.C. § 1447(d).

## II. GROUNDS FOR REMOVAL

3. The underlying state case is a family law matter (Case No. 2020-DM-131) involving enforcement of child support and maintenance arrears that turned into a child custody issues once the Guardian Ad Litem was appointed July 26, 2024. It is currently pending before Judge Eric W. Godderz in Anderson County District Court.

4. The state court has denied Respondent's motions to proceed pro se and has refused to rule on counsel's Motion to Withdraw, leaving her in a state of constructive legal incapacitation with no access to her own case filings.

5. The Guardian ad Litem has interfered with custody, court-ordered visitation and acted beyond his statutory authority giving legal advise to the father how to erase the mother from the child's life, including by instructing third parties to alter visitation without court order for no cause.

6. Respondent has filed a Writ of Mandamus, Judicial Conduct Complaint, motions to recuse, motions to change venue, Notices of GAL misconduct and fraud on the court, Affidavits, Judicial Notices, and records of facts into the pleadings history—all ignored or suppressed by the state court.

7. The state court has failed and denied to provide meaningful ADA accommodations and has allowed procedural barriers to persist, effectively denying Respondent access to justice despite several ADA grievance filings.

8. Respondent has also submitted a federal grand jury petition seeking investigation into judicial corruption, bond fraud, and county-wide financial irregularities involving Anderson County and this Fourth District Court.

9. Following this filings, retaliatory actions intensified in her family law case and civil jury trial, including refusal to grant ADA accommodations, denial of self-representation, and unauthorized GAL control over parenting time. These acts suggest a systemic pattern of civil rights suppression in retaliation for protected whistleblower activity.

Petitioner was denied basic procedural due process in family court custody proceedings, including:

- Removal of her child without notice or hearing;
- Suppression of child abuse reports;
- Denial of ADA accommodations and retaliation for protected activity;
- Ex parte communications with the court involving court officers;
- Assignment of a court-appointed Guardian ad Litem who acted with bias, omitted evidence, unauthorized practice of law, and misrepresented the child's best interest.

Petitioner has exhausted state remedies, including appeals, ADA grievance requests, ethics complaints, and mandamus petitions. The state court has refused to enforce her civil rights, and she now seeks the protection of this Court.

## III. REQUIRED DOCUMENTS

In accordance with 28 U.S.C. § 1446(a), Petitioner attaches:

1. A copy of all state court pleadings, motions, and orders filed in Case No. 2020-DM-131;
2. Petitioner's pending Motion to Proceed In Forma Pauperis (AO 240);
3. Civil Cover Sheet (JS-44);
4. Summons Request (AO 440) for Jonathan Lawson at 7029 Round Prairie St., Shawnee, KS 66226.

## IV. NOTICE AND SERVICE

Pursuant to 28 U.S.C. § 1446(d), Petitioner will promptly:

1. File a copy of this Notice with the Clerk of the District Court of Anderson County;
2. Serve notice upon all adverse parties.

## V. RELIEF REQUESTED

1. Respondent requests this Honorable Court assume jurisdiction under 28 U.S.C. § 1443;

2. That the state court action be stayed pursuant to 28 U.S.C. § 1446(d);

3. Declare that Respondent has been denied enforcement of federally protected rights in state court.

4. That further proceedings be conducted to protect Petitioner's federal rights and adjudicate this matter consistent with federal civil rights laws.

5. That the Court permit Plaintiff to proceed in forma pauperis;

Respectfully submitted,                                    Dated: May 2, 2025

Angeliina Lynn Lawson
angeliinacourtrecords@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2025 I filed the foregoing Notice of Removal with the Clerk of the United States District Court for the District of Kansas, and will serve a true and correct copy of the same via U.S. Mail and/or electronic service to the following:

**Jonathan Lawson**
7029 Round Prairie St.
Shawnee, KS 66226

**Clerk of the District Court of Anderson County**
100 E. 4th Ave.
Garnett, KS 66032

Respectfully submitted,                                    Dated: May 2, 2025

Angeliina Lynn Lawson
angeliinacourtrecords@gmail.com
(913) 972-1661

## SUMMONS REQUEST UNDER FED. R. CIV. P. 4(a) and 4(b)

**Defendant to be served:**
**Jonathan Lawson**
7029 Round Prairie St
Shawnee, KS 66226

Pursuant to Fed. R. Civ. P. 4, Plaintiff respectfully requests that the Clerk of the Court issue a summons using form AO 440 for service upon Defendant Jonathan Lawson at the above address.

Respectfully submitted,                                      Dated: May 2, 2025

Angeliina Lynn Lawson
Pro Se Plaintiff
angeliinacourtrecords@gmail.com

Date: _____

Signature of Clerk or Deputy Clerk: _____

Seal or Time-Stamp:

Dated: May 2, 2025

Respectfully submitted,

Angeliina Lynn Lawson
1914 5th Ave
Leavenworth, KS 66048
Email: AngeliinaCourtRecords@gmail.com
Phone: (913) 972-1661

Public Portal Family Type Case

# Case Summary

🔒 Case No. 2020-DM-000131

| | | | |
|---|---|---|---|
| **In the Matter of the Marriage of Jonathan David Lawson** | § | Location: | **Anderson County** |
| **vs Angeliina Lynn Lawson** | § | Judicial Officer: | **Godderz, Eric W** |
| | § | Filed on: | **09/02/2020** |

---

## Case Information

---

**Statistical Closures**                                                    Case Type:  DM Marriage
11/10/2020  Settled Without Judical Conf or Hearing                                      Dissolution/Divorce

                                                                          Case Status:  **11/10/2020   Post Judgment**

---

## Party Information

---

| | | |
|---|---|---|
| **Petitioner** | **Lawson, Jonathan David** | **Abrams-Wharton, Randall John**<br>*Retained* |
| | | **Poe, Breanne Christine Hendricks**<br>*Retained* |
| **Respondent** | **Lawson, Angeliina Lynn** | ~~*Schowengerdt, Daniel J (Inactive)*~~<br>~~*Retained*~~ |
| | | **Wood, Ronald Phillip**<br>*Retained*<br>**Spangler, Jennifer Elizabeth**<br>*Retained* |

---

## Case Events

---

| | | |
|---|---|---|
| 09/01/2020 | INF: Information (Generic)<br>*JUDGES NOTES* | |
| 09/02/2020 | PLE: Petition<br>*Petition for Divorce PLE: Petition* | |
| 09/02/2020 | INF: Information (Generic)<br>*Voluntary Entry of Appearance, Waiver of Answer and Waiver of Notice INF: Information (Generic)* | |
| 09/02/2020 | INF: Child Support Worksheet - No Judge Signature Requested<br>*Child Support Worksheet INF: Child Support Worksheet - No Judge Signature Requested* | |
| 09/02/2020 | INF: Parenting Plan<br>*Proposed Parenting Plan INF: Parenting Plan* | |
| 09/02/2020 | AFF: Affidavit (Generic)<br>*Domestic Relations Affidavit of Jonathan Lawson AFF: Affidavit (Generic)* | |
| 09/02/2020 | AFF: Affidavit (Generic)<br>*Domestic Relations Affidavit of Angeliina Lawson AFF: Affidavit (Generic)* | |
| 09/02/2020 | INF: Exhibit<br>*Property Settlement Agreement INF: Exhibit* | |
| 09/02/2020 | AFF: Affidavit (Generic)<br>*Affidavit of Angeliina Lawson AFF: Affidavit (Generic)* | |
| 09/02/2020 | MOT: Motion (Generic)<br>*Motion to Withdraw MOT: Motion (Generic)* | |
| 11/04/2020 | MOT: Motion (Generic)<br>*Motion to Withdraw* | |

## Case Summary

🔒 **Case No. 2020-DM-000131**

| | | |
|---|---|---|
| 11/09/2020 | ORD: Decree<br>*Decree of Divorce* | |
| 11/09/2020 | ORD: Withdraw<br>*Order to Withdraw as Counsel of Record* | |
| 05/18/2023 | INF: Entry of Appearance<br>*Entry of Appearance (D. Schowengerdt)* | |
| 07/13/2023 | MOT: 28-179 - Modify Motion<br>*Motion to Modify and Enforce*<br>Party:   Respondent Lawson, Angeliina Lynn<br>*Motion to Modify and Enforce* | |
| 07/13/2023 | INF: Exhibit<br>*Exhibit A*<br>Party:   Respondent Lawson, Angeliina Lynn<br>*Exhibit A* | |
| 07/18/2023 | NOT: Notice - No Sheriff Service Required<br>*Notice of Hearing (August 10, 2023, at 9:30am)* | |
| 08/07/2023 | INF: Entry of Appearance<br>*Entry of Appearance (Breanne Poe)* | |
| 09/18/2023 | PLE: Response - Answer<br>*Petitioner's Response to Respondent's Motion to Modify and Enforce* | |
| 11/15/2023 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | |
| 12/13/2023 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | |
| 01/08/2024 | INF: Entry of Appearance<br>*Entry of Appearance (Jennifer Spangler)* | |
| 01/08/2024 | MOT: Motion (Generic)<br>*Motion for Continuance* | |
| 02/07/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | |
| 02/22/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | |
| 03/25/2024 | INF: Exhibit<br>*Updated Exhibit A $3,366.16- Spangler* | |
| 03/25/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | |
| 03/27/2024 | NOT: Notice - No Sheriff Service Required<br>*Notice of Submission pursuant to Rule 133* | |
| 03/27/2024 | MOT: Motion (Generic)<br>*Motion to Withdraw* | |
| 03/29/2024 | MOT: Motion (Generic)<br>*Motion to Enforce and Motion to supplement* | Index # 1 |
| 03/29/2024 | MOT: Motion (Generic)<br>*Motion to Modify Custody, Parenting time, and Support* | Index # 2 |
| 03/29/2024 | MOT: Appoint - Guardian Ad Litem<br>*Motion for Appointment of Guardian Ad Litem* | Index # 3 |
| 03/29/2024 | NOT: Notice - No Sheriff Service Required<br>*Certificate of Service of Interoggs and Rfpd* | Index # 4 |
| 07/15/2024 | INF: Information (Generic)<br>*Certificate of Service* | Index # 5 |
| 07/15/2024 | INF: Information (Generic) | Index # 6 |

**Public Portal Family Type Case**

## Case Summary

🔒 **Case No. 2020-DM-000131**

| | | |
|---|---|---|
| | *Certificate of Service* | |
| 07/15/2024 | AFF: Affidavit (Generic)<br>*Domestic Relations Affidavit* | Index # 7 |
| 07/15/2024 | MOT: Response<br>*Petitioner's Response to Respondent's Motion to Modify Custody, Parenting Time* | Index # 8 |
| 07/15/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 9 |
| 07/26/2024 | ORD: Appoint Guardian Ad Litem<br>*Order Appointing Guardian Ad Litem (D. Lawson - 2010)* | Index # 10 |
| 07/29/2024 | MOT: Motion (Generic)<br>*Emergency Motion to Suspend Parenting Time and Sole Legal Custody* | Index # 11 |
| 08/01/2024 | INF: Entry of Appearance<br>*Substitution of Counsel (Breanne Poe)* | Index # 12 |
| 08/08/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 13 |
| 08/28/2024 | INF: Entry of Appearance<br>*Entry of Appearance (Ronald P. Wood)* | Index # 15 |
| 08/28/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 14 |
| 08/29/2024 | MOT: Motion (Generic)<br>*Motion for Emergency Ex Parte Temporary Orders* | Index # 16 |
| 09/19/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 17 |
| 09/21/2024 | ORD: Order (Generic)<br>*Temporary Orders* | Index # 18 |
| 09/27/2024 | ORD: Withdraw<br>*Order To Withdraw (Daniel Schowengerdt)* | Index # 19 |
| 10/03/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 20 |
| 10/07/2024 | MOT: Motion (Generic)<br>*Motion to Change Venue* | Index # 21 |
| 10/29/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 22 |
| 11/20/2024 | ORD: Order (Generic)<br>*Journal Entry Regarding 10-29-24 Hearing* | Index # 23 |
| 11/21/2024 | MOT: Motion (Generic)<br>*Motion for Payment of Guardian Ad Litem Fees* | Index # 24 |
| 12/12/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 25 |
| 12/31/2024 | MOT: Transcript<br>*Request for Transcripts* | Index # 26 |
| 02/19/2025 | MOT: Motion (Generic)<br>*Motion for Psychological Test* | Index # 27 |
| 02/24/2025 | MOT: Motion (Generic)<br>*Motion for Psychological Testing of Father* | Index # 28 |
| 02/26/2025 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 29 |
| 03/04/2025 | AFF: Affidavit (Generic)<br>*Affidavit filed by Respondent* | Index # 30 |
| 03/31/2025 | INF: Information (Generic) | Index # 31 |

## Case Summary

🔒 **Case No. 2020-DM-000131**
*Supervised Parenting Time Court Report*

| | | |
|---|---|---|
| 03/31/2025 | AFF: Affidavit (Generic) | Index # 32 |
| 04/14/2025 | MOT: Motion (Generic) | Index # 33 |
| | *Motion to Withdraw Attorney & Notice of Self-Representation* | |
| 04/21/2025 | NOT: Notice (Generic) | Index # 34 |
| | *Rule 170 Notice - Journal Entry Regarding Psychological Testing* | |
| 04/21/2025 | NOT: Notice (Generic) | Index # 35 |
| | *Notice & Objection to Rule 170 Filing by Non-Party GAL* | |
| 04/22/2025 | INF: Information (Generic) | |
| | *Master Notice of Federal Conflict, Retaliatory Custodial Interference, ADA Obstruction & Due Process Violations* | |
| Index # 36 | | |
| 04/22/2025 | INF: Information (Generic) | Index # 37 |
| | *Supplemental to Affidavit of Angeliina Lawson* | |
| 04/23/2025 | MOT: Motion (Generic) | Index # 41 |
| | *Motion to Withdraw* | |
| 04/23/2025 | MOT: Motion (Generic) | Index # 38 |
| | *Motion to Recuse Judge Eric W Godderz & Chief Judge Taylor Wine* | |
| 04/23/2025 | INF: Information (Generic) | Index # 39 |
| | *Notice of Guardian Ad Litem Misconduct & Federal Escalation* | |
| 04/23/2025 | MOT: Motion (Generic) | Index # 40 |
| | *Motion to Transfer Venue to Johnson County, Kansas* | |
| 04/28/2025 | INF: Information (Generic) | Index # 42 |
| | *Notice of Noncompliance, Custodial Interference & Fraud on the Court* | |

---

## Dispositions

11/10/2020    **Settled w/o Judicial Conf or Hearing**  (Judicial Officer: Godderz, Eric W)

---

## Hearings

08/10/2023    **Status Conference**  (9:30 AM)  (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*No Court Appearance Required - Hearing Not Held*

10/19/2023    **Status Conference**  (9:45 AM)  (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*No Court Appearance Required - Hearing Not Held*

11/15/2023    **Status Conference**  (9:00 AM)  (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*Hearing Held*

12/13/2023    **Status Conference**  (11:30 AM)  (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*Hearing Held*

01/10/2024    **Bench Trial**  (1:00 PM)  (Judicial Officer: Godderz, Eric W)
*IN PERSON - 2 HRS*
*Hearing Held*

02/07/2024    **Status Conference**  (11:45 AM)  (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*Hearing Held*

02/22/2024    **Status Conference**  (2:00 PM)  (Judicial Officer: Godderz, Eric W)

**Public Portal Family Type Case**

## Case Summary

🔒 **Case No. 2020-DM-000131**

        *BY VIDEO*
         *Hearing Held*

03/25/2024  **Status Conference**  (1:00 PM)  (Judicial Officer: Godderz, Eric W)
        *BY VIDEO*
         *Hearing Held*

07/15/2024  **Bench Trial**  (1:30 PM)  (Judicial Officer: Godderz, Eric W)
        *IN PERSON - 1/2 DAY*
         *Hearing Held*

08/01/2024  **Motion**  (4:30 PM)
         *Hearing Held*

08/08/2024  **Status Conference**  (9:30 AM)  (Judicial Officer: Godderz, Eric W)
        *ZOOM*
         *Hearing Held*

08/28/2024  **Status Conference**  (2:00 PM)  (Judicial Officer: Godderz, Eric W)
        *ZOOM*
         *Hearing Held*

09/19/2024  **Hearing**  (9:30 AM)  (Judicial Officer: Godderz, Eric W)
        *ZOOM*
         *Hearing Held*

10/03/2024  **Status Conference**  (9:45 AM)  (Judicial Officer: Godderz, Eric W)
        *ZOOM*
         *Hearing Held*

10/29/2024  **Status Conference**  (11:00 AM)  (Judicial Officer: Godderz, Eric W)
        *ZOOM - MOTION TO CHANGE VENUE FILED*
         *Hearing Held*

12/12/2024  **Status Conference**  (10:30 AM)  (Judicial Officer: Godderz, Eric W)
        *ZOOM*
         *Hearing Held*

02/26/2025  **Motion**  (10:30 AM)  (Judicial Officer: Godderz, Eric W)
        *ZOOM - MOTION FOR EVALUATION*
         *Hearing Held*

03/07/2025  **Court Review - No Appearance**  (8:00 AM)  (Judicial Officer: Wine, Taylor J)

05/08/2025  **Status Conference**  (9:00 AM)  (Judicial Officer: Godderz, Eric W)
        *ZOOM*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KANSAS CITY, KANSAS


JONATHAN DAVID LAWSON,

  Petitioner,

  v.

ANGELIINA LYNN LAWSON,

  Respondent, Pro Se

Case No: 5:25-cv-04045

**JURY DEMAND**

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1443

COMES NOW the Respondent, Angeliina Lynn Lawson, Pro Se, and respectfully submits this Notice of Removal under 28 U.S.C. § 1443(1), removing state court proceedings in Case No. 2020-DM-131 (District Court of Anderson County, Kansas) to the United States District Court for the District of Kansas.

This case concerns substantial deprivations of federal civil rights under color of state law, including violations of the Americans with Disabilities Act (ADA), Title II, and Section 504 of the Rehabilitation Act; interference with constitutionally protected parental rights; and ongoing denial of meaningful access to the courts.


**I. BASIS FOR REMOVAL**

1. This Notice of Removal is filed pursuant to 28 U.S.C. § 1443(1), which allows removal of state cases where a person is denied or cannot enforce their civil rights in the courts of such State.

2. Respondent is being denied rights guaranteed under federal law, including but not limited to:

a. The right to self-representation under Faretta v. California, 422 U.S. 806 (1975);

b. The right to due process under the Fourteenth Amendment;

15

c. The right to reasonable accommodations under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132;

d. Protection from retaliation under 42 U.S.C. § 12203 for asserting ADA rights;

e. The right to be free from civil rights deprivation under color of state law, pursuant to 42 U.S.C. § 1983.

Although federal courts narrowly interpret § 1443 to apply primarily to racial equality rights (see *Georgia v. Rachel*, 384 U.S. 780 (1966)), Respondent respectfully argues that the Americans with Disabilities Act, a civil rights statute enacted to eliminate discrimination and ensure equal access to courts for persons with disabilities, serves as a proper foundation for relief under § 1443(1). Respondent seeks to preserve this position for appellate review under 28 U.S.C. § 1447(d).

## II. GROUNDS FOR REMOVAL

3. The underlying state case is a family law matter (Case No. 2020-DM-131) involving enforcement of child support and maintenance arrears that turned into a child custody issues once the Guardian Ad Litem was appointed July 26, 2024. It is currently pending before Judge Eric W. Godderz in Anderson County District Court.

4. The state court has denied Respondent motions to proceed pro se and has refused to rule on counsel's Motion to Withdraw, leaving her in a state of constructive legal incapacitation with no access to her own case filings.

5. The Guardian ad Litem has interfered with custody, court-ordered visitation and acted beyond his statutory authority giving legal advise to the father how to erase the mother from the child's life, including by instructing third parties to alter visitation without court order for no cause.

6. Respondent's has filed a Writ of Mandamus, Judicial Conduct Complaint, motions to recuse, motions to change venue, Notices of GAL misconduct and fraud on the court, Affidavits, Judicial Notices, and records of facts into the pleadings history—all ignored or suppressed by the state court.

7. The state court has failed and denied to provide meaningful ADA accommodations and has allowed procedural barriers to persist, effectively denying Respondent's access to justice despite several ADA grievance filings.

8. Respondent's has also submitted a federal grand jury petition seeking investigation into judicial corruption, bond fraud, and county-wide financial irregularities involving Anderson County and this Fourth District Court.

9. Following this filings, retaliatory actions intensified in her family law case and civil jury trial, including refusal to grant ADA accommodations, denial of self-representation, and unauthorized GAL control over parenting time. These acts suggest a systemic pattern of civil rights suppression in retaliation for protected whistleblower activity.

Respondent was denied basic procedural due process in family court custody proceedings, including:

- Removal of her child without notice or hearing;
- Suppression of child abuse reports;
- Denial of ADA accommodations and retaliation for protected activity;
- Ex parte communications with the court involving court officers;
- Assignment of a court-appointed Guardian ad Litem who acted with bias, omitted evidence, unauthorized practice of law, and misrepresented the child's best interest.

Respondent's has exhausted state remedies, including appeals, ADA grievance requests, ethics complaints, and mandamus petitions. The state court has refused to enforce her civil rights, and she now seeks the protection of this Court.

## III. REQUIRED DOCUMENTS

In accordance with 28 U.S.C. § 1446(a), Respondent's attaches:

1. A copy of all state court pleadings, motions, and orders filed in Case No. 2020-DM-131;
2. Respondent's pending Motion to Proceed In Forma Pauperis (AO 240);
3. Civil Cover Sheet (JS-44);
4. Summons Request (AO 440) for Jonathan Lawson at 7029 Round Prairie St., Shawnee, KS 66226.

## IV. NOTICE AND SERVICE

Pursuant to 28 U.S.C. § 1446(d), Respondent's will promptly:

1. File a copy of this Notice with the Clerk of the District Court of Anderson County;
2. Serve notice upon all adverse parties.

## V. RELIEF REQUESTED

1. Respondent requests this Honorable Court assume jurisdiction under 28 U.S.C. § 1443;

2. That the state court action be stayed pursuant to 28 U.S.C. § 1446(d);

3. Declare that Respondent's has been denied enforcement of federally protected rights in state court.

4. That further proceedings be conducted to protect Respondent's federal rights and adjudicate this matter consistent with federal civil rights laws.

5. That the Court permit Respondent to proceed in forma pauperis;

Respectfully submitted,                                   Dated: May 5, 2025

Angeliina Lynn Lawson
angeliinacourtrecords@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2025 I filed the foregoing Notice of Removal with the Clerk of the United States District Court for the District of Kansas, and will serve a true and correct copy of the same via U.S. Mail and/or electronic service to the following:

**Jonathan Lawson**
7029 Round Prairie St.
Shawnee, KS 66226

**Clerk of the District Court of Anderson County**
100 E. 4th Ave.
Garnett, KS 66032

Respectfully submitted,                                   Dated: May 5, 2025

Angeliina Lynn Lawson
angeliinacourtrecords@gmail.com
(913) 972-1661

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KANSAS CITY, KANSAS

JONATHAN DAVID LAWSON,

    Petitioner,

    v.

ANGELIINA LYNN LAWSON,

    Respondent, Pro Se

Case No: 5:25-cv-04045-JWB-TJJ

JURY DEMAND

State Case Removed: AN-2020-DM-000131 (Anderson County)

**SUPPLEMENTAL NOTICE OF REMOVAL**

**AND AFFIDAVIT REGARDING STATE CLERK OBSTRUCTION**

Respondent, Angeliina Lynn Lawson, respectfully submits this supplemental filing to notify the Court that despite timely service of the Notice of Removal to Anderson County District Court under 28 U.S.C. § 1446(d), the state clerk failed or refused to docket the filing, thereby obstructing the removal process.

## I. PROCEDURAL BACKGROUND

1. On **May 6, 2025**, Respondent faxed the **Notice of Removal** to the Anderson County Clerk at approximately 3:50 PM CST, in compliance with 28 U.S.C. § 1446(d).
2. On **May 7, 2025**, Respondent emailed **Clerk Tina Miller** inquiring why the filing had not appeared in the state docket. (Exhibit A)
3. A copy of the fax confirmation of the Notice of Removal is attached. (Exhibit B)
4. The state docket shows no entry for the Notice of Removal as of May 7, 2025. (Exhibit C)
5. Respondent has submitted substantial documentation of federal rights violations, including retaliation under the Americans with Disabilities Act (42 U.S.C. § 12132), civil rights deprivations under 42 U.S.C. § 1983, and judicial misconduct. These violations have been compounded by the court's continued denial of Respondent's Motion to Proceed Pro Se, filed on April 14, 2025, and by the judge's exclusive communication

with former counsel. As of this filing, Respondent has been denied access to her own case and the ability to defend herself for nearly a month.

6. This failure by the state clerk constitutes procedural interference and may prejudice Respondent's access to federal relief and jurisdiction.

## II. LEGAL STANDARD

Under **28 U.S.C. § 1446(d)**:

"Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal..."

According to the **Tenth Circuit**:

"*The federal court's jurisdiction attaches upon filing the notice in federal court and giving notice to the state court. The state court is thereafter without jurisdiction.*" — *Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006).

Thus, removal is **effective upon service**, not dependent on the clerk's cooperation.

## III. RELIEF REQUESTED

Respondent respectfully requests:

1. **Confirm that federal removal was properly effectuated** under 28 U.S.C. § 1446(d), based on timely service of the Notice of Removal to the Anderson County District Court and the filing of said notice in this Court.

2. **Acknowledge that the failure by the Anderson County Clerk to docket the notice** does not negate the removal or divest this Court of jurisdiction, pursuant to controlling Tenth Circuit precedent.

3 **Accept this filing and its attached exhibits as part of the official federal record**, evidencing obstruction and procedural irregularity by the state court clerk.

4. **Issue an order staying or enjoining further proceedings in the state court matter** (AN-2020-DM-000131) and prohibiting any further action by state actors or parties inconsistent with this Court's jurisdiction pending resolution of federal jurisdiction and constitutional claims now properly before this Court.

5. **Grant Respondent leave to file supplemental evidence and pleadings** relevant to federal jurisdiction, ADA violations, and systemic judicial retaliation.

## IV. ATTACHMENTS

- **Exhibit A**: Email to Clerk Tina Miller (May 7, 2025)
- **Exhibit B**: Fax Confirmation of Notice of Removal (May 6, 2025)
- **Exhibit C**: Anderson County Docket (No entry of removal)
- **Exhibit D**: Finalized Judicial Misconduct Complaint
- **Exhibit E**: Ron Wood's (Respondent's former attorney) Motion to Withdraw Counsel
- **Exhibit F**: Judge Godderz denying Motion to Withdraw Representation

**Respectfully submitted,**                                       Date: May 7, 2025

Angeliina Lynn Lawson
1914 5th Ave., Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
913-972-1661
Pro Se Litigant

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2025 I filed the foregoing **SUPPLEMENTAL NOTICE OF REMOVAL AND AFFIDAVIT REGARDING STATE CLERK OBSTRUCTION** with the Clerk of the United States District Court for the District of Kansas, and will serve a true and correct copy of the same via U.S. Mail and/or electronic service to the following:

**Jonathan Lawson**
7029 Round Prairie St.
Shawnee, KS 66226

**Clerk of the District Court of Anderson County**
100 E. 4th Ave.
Garnett, KS 66032

Respectfully submitted,                                   Dated: May 7, 2025

Respectfully submitted,                                    Dated: May 7, 2025

Angeliina Lynn Lawson
1914 5th Ave., Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
913-972-1661
Pro Se Litigant

Exhibit A

 **Gmail**

Angeliina Lawson <angeliinalawson@gmail.com>

## Filings

**Angeliina Lawson** <angeliinalawson@gmail.com>                    Wed, May 7, 2025 at 3:05 PM
To: Tina Miller <tina.miller@kscourts.org>

I faxed over a filing of Notice of Removal yesterday at 3:50pm but it is not filed in the pleadings history today.
Can you please explain the delay?

--
Warmly,
Angeliina Lawson
913-972-1661

# Fax Confirmation

## Fax Details

Recipient:

+1 (785) 448-3230

From(Caller ID):

+17035707396

Send date:

May 06, 2025 at 15:50

Page count:

4

Points:

0.0

## Status

Send status:

Delivered

Delivered date:

May 06, 2025 at 15:52

Public Portal Family Type Case

Exhibit C

## Case Summary

🔒 **Case No. 2020-DM-000131**

| | | | |
|---|---|---|---|
| In the Matter of the Marriage of Jonathan David Lawson | § | Location: | **Anderson County** |
| vs Angeliina Lynn Lawson | § | Judicial Officer: | **Godderz, Eric W** |
| | § | Filed on: | **09/02/2020** |

---

### Case Information

**Statistical Closures**
11/10/2020  Settled Without Judical Conf or Hearing

Case Type: DM Marriage Dissolution/Divorce
Case Status: **11/10/2020   Post Judgment**

---

### Party Information

| | | | |
|---|---|---|---|
| **Petitioner** | **Lawson, Jonathan David** | **Abrams-Wharton, Randall John** *Retained* | |
| | | **Poe, Breanne Christine Hendricks** *Retained* | |
| **Respondent** | **Lawson, Angeliina Lynn** | ~~*Schowengerdt, Daniel J (Inactive)*~~ ~~*Retained*~~ | |
| | | **Wood, Ronald Phillip** *Retained* **Spangler, Jennifer Elizabeth** *Retained* | |

---

### Case Events

09/01/2020  INF: Information (Generic)
  *JUDGES NOTES*

09/02/2020  PLE: Petition
  *Petition for Divorce PLE: Petition*

09/02/2020  INF: Information (Generic)
  *Voluntary Entry of Appearance, Waiver of Answer and Waiver of Notice INF: Information (Generic)*

09/02/2020  INF: Child Support Worksheet - No Judge Signature Requested
  *Child Support Worksheet INF: Child Support Worksheet - No Judge Signature Requested*

09/02/2020  INF: Parenting Plan
  *Proposed Parenting Plan INF: Parenting Plan*

09/02/2020  AFF: Affidavit (Generic)
  *Domestic Relations Affidavit of Jonathan Lawson AFF: Affidavit (Generic)*

09/02/2020  AFF: Affidavit (Generic)
  *Domestic Relations Affidavit of Angeliina Lawson AFF: Affidavit (Generic)*

09/02/2020  INF: Exhibit
  *Property Settlement Agreement INF: Exhibit*

09/02/2020  AFF: Affidavit (Generic)
  *Affidavit of Angeliina Lawson AFF: Affidavit (Generic)*

09/02/2020  MOT: Motion (Generic)
  *Motion to Withdraw MOT: Motion (Generic)*

11/04/2020  MOT: Motion (Generic)
  *Motion to Withdraw*

**Public Portal Family Type Case**

## Case Summary

🔒 **Case No. 2020-DM-000131**

| | | |
|---|---|---|
| 11/09/2020 | ORD: Decree | |
| | *Decree of Divorce* | |
| 11/09/2020 | ORD: Withdraw | |
| | *Order to Withdraw as Counsel of Record* | |
| 05/18/2023 | INF: Entry of Appearance | |
| | *Entry of Appearance (D. Schowengerdt)* | |
| 07/13/2023 | MOT: 28-179 - Modify Motion | |
| | *Motion to Modify and Enforce* | |
| | Party:   Respondent Lawson, Angeliina Lynn | |
| | *Motion to Modify and Enforce* | |
| 07/13/2023 | INF: Exhibit | |
| | *Exhibit A* | |
| | Party:   Respondent Lawson, Angeliina Lynn | |
| | *Exhibit A* | |
| 07/18/2023 | NOT: Notice - No Sheriff Service Required | |
| | *Notice of Hearing (August 10, 2023, at 9:30am)* | |
| 08/07/2023 | INF: Entry of Appearance | |
| | *Entry of Appearance (Breanne Poe)* | |
| 09/18/2023 | PLE: Response - Answer | |
| | *Petitioner's Response to Respondent's Motion to Modify and Enforce* | |
| 11/15/2023 | INF: Information (Generic) | |
| | *CR Rhonda Rhodes Wise* | |
| 12/13/2023 | INF: Information (Generic) | |
| | *CR Rhonda Rhodes Wise* | |
| 01/08/2024 | INF: Entry of Appearance | |
| | *Entry of Appearance (Jennifer Spangler)* | |
| 01/08/2024 | MOT: Motion (Generic) | |
| | *Motion for Continuance* | |
| 02/07/2024 | INF: Information (Generic) | |
| | *CR Rhonda Rhodes Wise* | |
| 02/22/2024 | INF: Information (Generic) | |
| | *CR Rhonda Rhodes Wise* | |
| 03/25/2024 | INF: Exhibit | |
| | *Updated Exhibit A $3,366.16- Spangler* | |
| 03/25/2024 | INF: Information (Generic) | |
| | *CR Rhonda Rhodes Wise* | |
| 03/27/2024 | NOT: Notice - No Sheriff Service Required | |
| | *Notice of Submission pursuant to Rule 133* | |
| 03/27/2024 | MOT: Motion (Generic) | |
| | *Motion to Withdraw* | |
| 03/29/2024 | MOT: Motion (Generic) | Index # 1 |
| | *Motion to Enforce and Motion to supplement* | |
| 03/29/2024 | MOT: Motion (Generic) | Index # 2 |
| | *Motion to Modify Custody, Parenting time, and Support* | |
| 03/29/2024 | MOT: Appoint - Guardian Ad Litem | Index # 3 |
| | *Motion for Appointment of Guardian Ad Litem* | |
| 03/29/2024 | NOT: Notice - No Sheriff Service Required | Index # 4 |
| | *Certificate of Service of Interoggs and Rfpd* | |
| 07/15/2024 | INF: Information (Generic) | Index # 5 |
| | *Certificate of Service* | |
| 07/15/2024 | INF: Information (Generic) | Index # 6 |

**Public Portal Family Type Case**

## Case Summary

🔒 **Case No. 2020-DM-000131**

*Certificate of Service*

| | | |
|---|---|---|
| 07/15/2024 | AFF: Affidavit (Generic)<br>*Domestic Relations Affidavit* | Index # 7 |
| 07/15/2024 | MOT: Response<br>*Petitioner's Response to Respondent's Motion to Modify Custody, Parenting Time* | Index # 8 |
| 07/15/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 9 |
| 07/26/2024 | ORD: Appoint Guardian Ad Litem<br>*Order Appointing Guardian Ad Litem (D. Lawson - 2010)* | Index # 10 |
| 07/29/2024 | MOT: Motion (Generic)<br>*Emergency Motion to Suspend Parenting Time and Sole Legal Custody* | Index # 11 |
| 08/01/2024 | INF: Entry of Appearance<br>*Substitution of Counsel (Breanne Poe)* | Index # 12 |
| 08/08/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 13 |
| 08/28/2024 | INF: Entry of Appearance<br>*Entry of Appearance (Ronald P. Wood)* | Index # 15 |
| 08/28/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 14 |
| 08/29/2024 | MOT: Motion (Generic)<br>*Motion for Emergency Ex Parte Temporary Orders* | Index # 16 |
| 09/19/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 17 |
| 09/21/2024 | ORD: Order (Generic)<br>*Temporary Orders* | Index # 18 |
| 09/27/2024 | ORD: Withdraw<br>*Order To Withdraw (Daniel Schowengerdt)* | Index # 19 |
| 10/03/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 20 |
| 10/07/2024 | MOT: Motion (Generic)<br>*Motion to Change Venue* | Index # 21 |
| 10/29/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 22 |
| 11/20/2024 | ORD: Order (Generic)<br>*Journal Entry Regarding 10-29-24 Hearing* | Index # 23 |
| 11/21/2024 | MOT: Motion (Generic)<br>*Motion for Payment of Guardian Ad Litem Fees* | Index # 24 |
| 12/12/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 25 |
| 12/31/2024 | MOT: Transcript<br>*Request for Transcripts* | Index # 26 |
| 02/19/2025 | MOT: Motion (Generic)<br>*Motion for Psychological Test* | Index # 27 |
| 02/24/2025 | MOT: Motion (Generic)<br>*Motion for Psychological Testing of Father* | Index # 28 |
| 02/26/2025 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 29 |
| 03/04/2025 | AFF: Affidavit (Generic)<br>*Affidavit filed by Respondent* | Index # 30 |
| 03/31/2025 | INF: Information (Generic) | Index # 31 |

## Case Summary

🔒 **Case No. 2020-DM-000131**
*Supervised Parenting Time Court Report*

| | | |
|---|---|---|
| 03/31/2025 | AFF: Affidavit (Generic) | Index # 32 |
| 04/14/2025 | MOT: Motion (Generic)<br>*Motion to Withdraw Attorney & Notice of Self-Representation* | Index # 33 |
| 04/21/2025 | NOT: Notice (Generic)<br>*Rule 170 Notice - Journal Entry Regarding Psychological Testing* | Index # 34 |
| 04/21/2025 | NOT: Notice (Generic)<br>*Notice & Objection to Rule 170 Filing by Non-Party GAL* | Index # 35 |
| 04/22/2025 | INF: Information (Generic)<br>*Master Notice of Federal Conflict, Retaliatory Custodial Interference, ADA Obstruction & Due Process Violations* | |
| Index # 36 | | |
| 04/22/2025 | INF: Information (Generic)<br>*Supplemental to Affidavit of Angeliina Lawson* | Index # 37 |
| 04/23/2025 | MOT: Motion (Generic)<br>*Motion to Withdraw* | Index # 41 |
| 04/23/2025 | MOT: Motion (Generic)<br>*Motion to Recuse Judge Eric W Godderz & Chief Judge Taylor Wine* | Index # 38 |
| 04/23/2025 | INF: Information (Generic)<br>*Notice of Guardian Ad Litem Misconduct & Federal Escalation* | Index # 39 |
| 04/23/2025 | MOT: Motion (Generic)<br>*Motion to Transfer Venue to Johnson County, Kansas* | Index # 40 |
| 04/28/2025 | INF: Information (Generic)<br>*Notice of Noncompliance, Custodial Interference & Fraud on the Court* | Index # 42 |
| 05/05/2025 | INF: Information (Generic)<br>*Obection to Judicial Denial of Self-Represnetation & Enforced Legal Counsel* | Index # 43 |

---

## Dispositions

11/10/2020 **Settled w/o Judicial Conf or Hearing**  (Judicial Officer: Godderz, Eric W)

---

## Hearings

08/10/2023 **Status Conference**  (9:30 AM)  (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*No Court Appearance Required - Hearing Not Held*

10/19/2023 **Status Conference**  (9:45 AM)  (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*No Court Appearance Required - Hearing Not Held*

11/15/2023 **Status Conference**  (9:00 AM)  (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*Hearing Held*

12/13/2023 **Status Conference**  (11:30 AM)  (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*Hearing Held*

01/10/2024 **Bench Trial**  (1:00 PM)  (Judicial Officer: Godderz, Eric W)
*IN PERSON - 2 HRS*
*Hearing Held*

02/07/2024 **Status Conference**  (11:45 AM)  (Judicial Officer: Godderz, Eric W)
*BY VIDEO*

Public Portal Family Type Case

## Case Summary

🔒 **Case No. 2020-DM-000131**

| | | |
|---|---|---|
| 02/22/2024 | **Status Conference**  (2:00 PM)  (Judicial Officer: Godderz, Eric W) |
| | *BY VIDEO* |
| | *Hearing Held* |
| 03/25/2024 | **Status Conference**  (1:00 PM)  (Judicial Officer: Godderz, Eric W) |
| | *BY VIDEO* |
| | *Hearing Held* |
| 07/15/2024 | **Bench Trial**  (1:30 PM)  (Judicial Officer: Godderz, Eric W) |
| | *IN PERSON - 1/2 DAY* |
| | *Hearing Held* |
| 08/01/2024 | **Motion**  (4:30 PM) |
| | *Hearing Held* |
| 08/08/2024 | **Status Conference**  (9:30 AM)  (Judicial Officer: Godderz, Eric W) |
| | *ZOOM* |
| | *Hearing Held* |
| 08/28/2024 | **Status Conference**  (2:00 PM)  (Judicial Officer: Godderz, Eric W) |
| | *ZOOM* |
| | *Hearing Held* |
| 09/19/2024 | **Hearing**  (9:30 AM)  (Judicial Officer: Godderz, Eric W) |
| | *ZOOM* |
| | *Hearing Held* |
| 10/03/2024 | **Status Conference**  (9:45 AM)  (Judicial Officer: Godderz, Eric W) |
| | *ZOOM* |
| | *Hearing Held* |
| 10/29/2024 | **Status Conference**  (11:00 AM)  (Judicial Officer: Godderz, Eric W) |
| | *ZOOM - MOTION TO CHANGE VENUE FILED* |
| | *Hearing Held* |
| 12/12/2024 | **Status Conference**  (10:30 AM)  (Judicial Officer: Godderz, Eric W) |
| | *ZOOM* |
| | *Hearing Held* |
| 02/26/2025 | **Motion**  (10:30 AM)  (Judicial Officer: Godderz, Eric W) |
| | *ZOOM - MOTION FOR EVALUATION* |
| | *Hearing Held* |
| 03/07/2025 | **Court Review - No Appearance**  (8:00 AM)  (Judicial Officer: Wine, Taylor J) |
| 05/08/2025 | **Status Conference**  (9:00 AM)  (Judicial Officer: Godderz, Eric W) |
| | *ZOOM* |

# Formal Judicial Complaint Against Judge Eric W. Godderz

## For Systemic Denial of Procedural Safeguards, Judicial Misconduct, Delegation of Judicial Authority, Retaliation, ADA Violations, and Abuse of Power

### Introduction: Systemic Corruption and Denial of Justice

Judge Eric W. Godderz has orchestrated a judicial environment in Anderson County District Court that systematically denies procedural safeguards, violates ethical and legal obligations, and facilitates a corrupt "shadow court" controlled by Guardian ad Litem Andrew Bolton and opposing counsel Breanne Poe. By failing to adhere to the Kansas Code of Judicial Conduct (601B Rules), specifically **Rules 1.1, 1.2, 2.2, 2.5, 2.6, 2.8, 2.9, 2.11, and 3.1**, Judge Godderz has allowed rulings to be predetermined, evidence suppressed, and litigants silenced, violating fundamental rights under the **Fourteenth Amendment's Due Process Clause**, **42 U.S.C. § 1983**, and **ADA Title II protections under 42 U.S.C. § 12132**. These violations extend to the **First Amendment's protections** against retaliation for asserting rights and are contrary to the principles of impartiality and fairness outlined in **Canon 2 of the Model Code of Judicial Conduct** and the **Kansas Constitution's guarantee of open courts and equal justice under Article 2, Section 1**. Furthermore, Judge Godderz's conduct infringes on **Maxim Rights** of equity, which dictate that justice should be free from bias, corruption, and undue influence, and the **Bill of Rights' guarantees of access to courts, due process, and fair treatment**. His refusal to issue judicial orders, provide transcripts, or admit evidence breaches judicial immunity as these actions are ministerial duties that exceed discretionary judgment, violating **Goldberg v. Kelly, 397 U.S. 254 (1970)** and **Tennessee v. Lane, 541 U.S. 509 (2004)**.

The foundation of this complaint lies in the systemic denial of procedural safeguards, fostering corruption and shielding judicial misconduct from scrutiny. Judge Godderz's improper delegation of judicial duties to the Guardian ad Litem (GAL), biased favoritism toward opposing counsel, and retaliation against me for filing ethics complaints reflect a calculated effort to harm litigants and obstruct justice. By failing to issue judicial orders after hearings, including the critical hearing on July 15, 2024, Judge Godderz created a procedural void where the GAL operated without accountability, wielding judicial authority in direct violation of **Kansas Stat. § 60-247** and **Rule 2.5**. This allowed the GAL to initiate emergency motions, such as removing my parenting time, without judicial oversight, directly violating my son's rights under the **ADA Title II**. The refusal to issue judicial orders, admit evidence, or provide transcripts insulated these procedural failures from scrutiny, foreclosing appellate review and compounding procedural bias. Without judicial orders, the denial of my ADA accommodations and my son's therapeutic needs became unchallengeable, exacerbating the harm caused by the GAL's unchecked actions. The judge's failure to admit evidence, including critical records related to my son's psychological trauma and anxiety, further dismissed ADA accommodation requests without justification. These procedural failures represent a systemic abdication of judicial duties and were both the cause and enabler of the retaliatory, biased, and discriminatory actions detailed in this complaint.

This complaint does not challenge the substance of the rulings themselves but focuses on the judge's ethical misconduct and procedural violations, including bias, retaliation, and the

abdication of judicial duties, which fall squarely within the Commission's purview under the **Brochure of Conduct**. Judge Godderz's repeated retaliation for my ADA-protected activities and ethics complaints, as well as his clear bias favoring opposing counsel and the GAL, violated impartiality standards under **Rules 2.3 and 2.11**. His refusal to ensure procedural safeguards and ADA accommodations directly harmed my son, who suffers from diagnosed psychological trauma and anxiety, and violated the judge's ethical obligation to ensure fairness and protect vulnerable litigants. These failures represent a direct breach of **Maxim Rights**, which demand equity, fairness, and impartiality in judicial proceedings. By prioritizing personal bias and procedural shortcuts over these fundamental principles, Judge Godderz undermined the integrity of the judicial process, leaving my son and me without access to justice. The denial of procedural safeguards, including issuing judicial orders, providing transcripts, and admitting evidence, violated the Maxim Rights principle of equity, which mandates justice must be impartial, accessible, and protective of the most vulnerable.

## Allegations of Misconduct and Key Violations

The following allegations establish a clear pattern of systemic misconduct anchored in the **denial of procedural safeguards**, creating a "shadow court" that violates state and federal laws, constitutional rights, and the Kansas Code of Judicial Conduct (601B Rules). These violations are compounded by retaliation, delegation of judicial duties to non-judicial officers, and discriminatory practices.

## 1. Denial of Procedural Safeguards: The Anchor of Misconduct

**Rules Violated: 2.5 (Competence, Diligence, and Cooperation), 2.6 (Ensuring the Right to Be Heard), 2.8 (Decorum, Demeanor, and Communication);**

**Constitutional Rights Violated: Fourteenth Amendment's Due Process Clause, Americans with Disabilities Act (ADA) Title II, 42 U.S.C. § 12132 (Prohibition of Discrimination by Public Entities);**

**Maxim Rights of equity, ensuring justice is free from bias and undue influence;**

**Legal Precedent: Goldberg v. Kelly, 397 U.S. 254 (1970): Procedural due process requires that individuals be afforded an opportunity to present evidence and receive a fair hearing;**

**Tennessee v. Lane, 541 U.S. 509 (2004): Ensures equal access to courts for individuals with disabilities.**

Following hearings on July 15, 2024, September 21, 2024, and October 7, 2024, Judge Godderz failed to issue signed judicial orders documenting his rulings, leaving critical decisions undocumented, foreclosing appellate review, and insulating procedural irregularities from scrutiny. This lack of documentation significantly impacted my ability to appeal unjust rulings and denied my son, who suffers from diagnosed psychological trauma and anxiety, critical protections under the Americans with Disabilities Act (ADA). The judge refused to admit essential evidence, including affidavits, medical records, and witness testimony, obstructing the creation of a complete record and violating the Kansas Constitution's guarantee of open courts under Article 2, Section 1. On July 17, 2024, I requested transcripts of the hearings to support my son's ADA accommodations, but the judge required a formal motion and subsequently ignored it after its filing on October 30, 2024, further denying my son and me access to the procedural safeguards required for meaningful participation. The court's refusal to accommodate ADA-protected needs—such as extended hearing times necessary for my son to manage his mental health challenges and my own ADHD, as well as the extension request after my attorney's death—constituted a direct violation of Title II of the ADA, 42 U.S.C. § 12132, and the protections established in Tennessee v. Lane, 541 U.S. 509 (2004). These ADA violations, compounded by procedural failures, obstructed our access to due process and foreclosed on essential rights guaranteed under the Bill of Rights, creating a pattern of negligence, bias, and systemic discrimination that undermined the judiciary's role as a fair and impartial forum for justice.

## 2. Delegation of Judicial Duties to the GAL

**Rules Violated: 2.5 (Competence, Diligence, and Cooperation), 2.2 (Impartiality and Fairness), 3.1 (Avoiding Abuse of Judicial Office); Constitutional Rights Violated: Fourteenth Amendment Equal Protection Clause; Maxim Rights of equity, which prohibit abdication of responsibility by a judicial officer; Legal Precedent: Tumey v. Ohio, 273 U.S. 510 (1927): Delegation of judicial power to a biased or unauthorized party violates due process; Kansas Stat. § 60-247: Prohibits improper delegation of judicial authority to non-judicial officers; ADA Violations: Title II, 42 U.S.C. § 12132, and Tennessee v. Lane, 541 U.S. 509 (2004): Mandates courts to ensure equal access for individuals with disabilities.**

Judge Godderz's improper delegation of judicial authority to Guardian ad Litem (GAL) Andrew Bolton enabled the GAL to operate as a de facto judge, unchecked and without accountability, in violation of constitutional, statutory, and ADA protections. Despite the GAL beginning to bill on **July 16, 2024**, Judge Godderz did not formalize the GAL's appointment until **July 26, 2024**, creating a procedural void that allowed the GAL to wield undue authority without judicial oversight. On **July 29, 2024**, the GAL filed an emergency motion suspending my parenting time and granting sole legal custody to the father. This motion was treated as a court order without proper judicial review or oversight, forcing my 14-year-old son—diagnosed with psychological trauma and anxiety—into a traumatic confrontation on the front steps of his home, where he fought for himself for 2.5 hours against going with his father, despite his mental disabilities. Video evidence from a **RING camera** documents the incident.

On **August 14, 2024**, the GAL removed my son's established therapist, Alison Dean, without cause and replaced her with Andrea Dunseth, a therapist aligned with the GAL's agenda,

exacerbating my son's psychological distress. This action led to a panic attack on **August 15, 2024**, during which my son injured his hand as his father tried to forcibly grab his cell phone while he called for help. Despite police officers on the scene noting the potential need for an ambulance, and consistent reports of physical abuse to mandated reporters, including my son's journal entries, the GAL falsely denied that any abuse occurred. I was not informed about the abuse for a week, leaving me unable to advocate for my son's safety.

The GAL's coercive and threatening behavior further exacerbated the harm inflicted on my son and me, compounding his psychological trauma and violating multiple protections under state and federal law, including **ADA Title II**, which guarantees procedural accommodations for individuals with disabilities. The GAL threatened my son, stating that if he continued to email his grandmother about what was happening to him at his father's home, "it is making everything worse and he will get his mom in more trouble." This tactic was aimed at silencing my son, a child with diagnosed psychological trauma and anxiety, and isolating him from his support network, thereby worsening his mental health. Additionally, the GAL threatened to terminate my parental rights and place my son in foster care because I raised my hand during a hearing, an action devoid of any legal or factual justification. The GAL also threatened me with psychological evaluations, despite a complete lack of evidence of wrongdoing, as a means to intimidate and punish me for advocating for my son's safety. These coercive and retaliatory measures, which sought to silence both my son and me while shielding the abuse he endured, violate not only **ADA Title II protections** but also my son's right to therapeutic continuity and emotional safety. This pattern of intimidation and systemic negligence inflicted significant emotional, mental, and psychological harm, highlighting the GAL's abuse of authority and the judge's failure to intervene or hold the GAL accountable.The GAL's routine issuance of motions treated as court orders, without judicial review, undermined the constitutional principle of separation of powers, violated **Rule 2.5**, and abdicated judicial responsibility to a biased and unauthorized party. This failure to protect my son's mental health, compounded by intimidation and systemic negligence, inflicted significant emotional, mental, and psychological harm on both him and me, undermining the integrity of the judiciary.

## 3. Retaliation for Ethics Complaints and Legal Advocacy

**Rules Violated: 2.3 (Bias, Prejudice, and Harassment), 2.11 (Disqualification), 3.6 (Ensuring Judicial Independence); Constitutional Rights Violated: First Amendment protections against retaliation, Fourteenth Amendment's Equal Protection Clause, ADA Title II, 42 U.S.C. § 12132 (Prohibition of Discrimination by Public Entities); Legal Precedent: Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009): Judges must recuse themselves when impartiality is compromised or when actions demonstrate bias or retaliation; Tennessee v. Lane, 541 U.S. 509 (2004): Courts must provide reasonable accommodations to ensure equal access for individuals with disabilities.**

Judge Eric W. Godderz engaged in retaliatory conduct and demonstrated clear bias following my firing of attorney Daniel Schowengerdt and the filing of an ethics complaint against him. On **September 27, 2024**, Judge Godderz issued an unusual **"Withdraw Order to Withdraw"**,

effectively reinstating my former attorney despite his withdrawal nearly a year earlier in **December 2023**, allowing him to continue receiving court filings and maintaining inappropriate influence over the case. During hearings, Judge Godderz repeatedly referenced the number of attorneys I have retained in a demeaning manner, implying instability or fault on my part, reflecting personal bias and animosity.

The judge also facilitated exclusive meetings between the Guardian ad Litem (GAL), opposing counsel Breanne Poe, and the father, while ignoring my documented attempts to communicate with the GAL. These exclusive meetings led to decisions that consistently favored the opposing side, demonstrating clear collusion, retaliation, and partiality. Compounding this, the judge refused to accommodate ADA-protected needs, including my request for extended hearing times and support for my ADHD, and my son's documented psychological trauma and anxiety, which required procedural modifications under **ADA Title II protections**. By ignoring my ADA-related requests, Judge Godderz further restricted my ability to participate meaningfully in the case and denied my son accommodations that would ensure his safety and emotional stability.

These actions not only violated **First Amendment protections against retaliation for exercising my legal rights** but also denied me and my son the **equal protection guaranteed under the Fourteenth Amendment**. The judge's conduct undermined judicial independence, violated procedural fairness, and imposed discriminatory barriers that exacerbated harm. This pattern of bias and negligence warrants immediate investigation, recusal under **Rule 2.11**, and disciplinary action consistent with the principles set forth in **Caperton v. A.T. Massey Coal Co.** and **Tennessee v. Lane**.


## 4. ADA Violations and Discrimination

**Rules Violated: 2.3 (Bias, Prejudice, and Harassment), 2.15 (Responding to Judicial Misconduct);**

**Constitutional Rights Violated: Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132; 42 U.S.C. § 12203 (ADA Retaliation);**

**Legal Precedent: Tennessee v. Lane, 541 U.S. 509 (2004): Courts must provide reasonable accommodations to ensure access to justice for individuals with disabilities.**

Judge Eric W. Godderz systematically denied reasonable accommodations required under the ADA, directly harming my ability to participate meaningfully in court proceedings and exacerbating the harm inflicted on my son, who suffers from psychological trauma and anxiety. After my attorney's death, I requested an extension for preparation as an ADA accommodation to ensure adequate time to address the complexities of my case, particularly given my own ADHD and my son's mental health needs. Judge Godderz ignored this request and proceeded with hearings, in direct violation of **Title II of the ADA** and the principles set forth in **Tennessee v. Lane**. Furthermore, the judge's retaliatory actions, which included severing contact between my

son and me and imposing punitive measures, were taken following my filing of an ethics complaint against a former attorney. These actions not only violated **42 U.S.C. § 12203**, which prohibits retaliation for engaging in ADA-protected activities, but also denied my son critical accommodations, such as extended time for decision-making processes and protections to ensure his emotional safety. Instead of addressing my son's documented psychological trauma and anxiety, the judge imposed punitive rulings that silenced his voice and disregarded his therapeutic needs. These failures denied my son equal access to justice and created barriers that heightened his psychological distress, violating both **constitutional protections of due process** and the **ADA's mandate to ensure fairness and accessibility** in judicial proceedings. Judge Godderz's actions reflect a pattern of bias, retaliation, and systemic neglect, warranting immediate investigation and accountability under **Rule 2.15**.

## 5. Dismissal of Protective Order Despite Evidence

**Rules Violated: 2.2 (Impartiality and Fairness), 2.6 (Ensuring the Right to Be Heard);**

**Constitutional Rights Violated: Fourteenth Amendment's Due Process Clause;**

**ADA Title II, 42 U.S.C. § 12132;**

**Maxim Rights of justice to protect vulnerable individuals from harm.**

During the **July 15, 2024**, trial date, Judge Eric W. Godderz dismissed my protective order filing despite credible evidence of child pornography, neglect, and abuse, including reports from the crisis center and other professionals. The judge flippantly stated, "If I dismiss the case, she will just file again, and this will never end," demonstrating a lack of impartiality and fairness, as well as disregard for the welfare of my son, who suffers from diagnosed psychological trauma and anxiety. The dismissal not only ignored this critical evidence but also placed my son at heightened risk by failing to acknowledge the necessity of protective measures. Additionally, by refusing to consider my son's mental disability and need for safeguards under **ADA Title II**, the judge violated his obligation to provide accommodations ensuring equal access to justice. My son's trauma and anxiety required therapeutic stability and a safe environment, which the court failed to provide, instead exposing him to further harm. This decision was not only a violation of **Rule 2.6**, ensuring the right to be heard, but also a breach of the **Fourteenth Amendment's Due Process Clause**, which guarantees protections against arbitrary and harmful judicial actions. The judge's failure to consider ADA protections for my son's disability compounded the harm, reflecting a pattern of bias and neglect that endangered a vulnerable child and undermined the judiciary's role as a protector of justice.

## 6. Breach of Judicial Immunity

**Rules Violated: 1.1 (Compliance with the Law), 1.2 (Promoting Confidence in the Judiciary);**

**Legal Precedent: Forrester v. White, 484 U.S. 219 (1988):** Judicial immunity does not extend to non-judicial acts such as administrative failures or procedural denials that violate constitutional rights;

**Kansas Supreme Court Rule 611:** Allows for removal or suspension when judicial misconduct compromises impartiality and competence;

**ADA Violations: Title II, 42 U.S.C. § 12132, and Tennessee v. Lane, 541 U.S. 509 (2004):** Courts must ensure equal access for individuals with disabilities.

Judge Eric W. Godderz's refusal to issue judicial orders, admit evidence, or provide transcripts represents a failure of ministerial duties that far exceeds the protections of judicial immunity and violates procedural safeguards required under state and federal law. These non-discretionary duties are fundamental to the administration of justice and directly impact my ability to advocate for my son, who suffers from psychological trauma and anxiety. By failing to document rulings, admit evidence such as affidavits and medical records, or provide transcripts despite my formal requests, the judge obstructed our access to due process and insulated procedural irregularities from scrutiny. This failure is particularly egregious given my son's mental disability, as these procedural deficiencies denied him accommodations mandated under **ADA Title II**, such as procedural modifications and equal access to justice. The refusal to issue orders or transcripts also prevented appellate review and foreclosed my ability to seek relief for the ongoing harm to my son. These actions violate **Rule 1.1** by failing to uphold the law, undermine public confidence in the judiciary in violation of **Rule 1.2**, and breach the safeguards established by the **Fourteenth Amendment's Due Process Clause**. The judge's neglect of administrative responsibilities and failure to account for ADA protections reflect a disregard for his duty to ensure impartiality and competence, warranting removal or suspension under **Kansas Supreme Court Rule 611**.


**Conclusion**

The allegations presented demonstrate a systemic and deliberate pattern of judicial misconduct by Judge Eric W. Godderz, rooted in the denial of procedural safeguards and reinforced by retaliation, delegation of judicial authority, and ADA violations. This misconduct begins with his failure to issue judicial orders, provide transcripts, and admit evidence not only obstruct justice but also foreclosed appellate review, creating a procedural void that enabled unchecked misconduct by GAL. These failures enabled a shadow court, where the GAL wielded unchecked authority, issuing motions treated as orders and further isolating my son—who suffers from psychological trauma and anxiety—from the protections he desperately needs. This disproportionately harmed my son, who suffers from psychological trauma and anxiety, and violated ADA Title II protections by denying him the accommodations and procedural modifications necessary for his participation in the judicial process.

Judge Godderz's actions also violated ADA Title II by refusing to accommodate my son's disabilities and retaliating against me for filing an ethics complaint. His retaliatory actions severed my contact with my son, compounded emotional harm, and denied procedural fairness,

all while insulating his rulings from scrutiny. By delegating judicial authority to the GAL, issuing retaliatory rulings, and ignoring ADA accommodation requests, Judge Godderz violated **Rules 1.1, 2.2, 2.3, 2.5, 2.6, 2.11 and 2.15**, as well as constitutional protections under the **Fourteenth Amendment's Due Process Clause.** These actions also breached **Maxim Rights**, which demand equity, fairness, and impartiality in judicial proceedings, and undermined public confidence in the judiciary. This systemic misconduct warrants immediate formal proceedings under Kansas Supreme Court Rule 611, referral of ADA violations to federal authorities, and the implementation of procedural reforms to restore fairness and transparency to Kansas family courts to restore justice, ensure accountability, and prevent further harm to me, my son, and the integrity of Kansas family courts.

## Requested Actions

**1. Initiation of Formal Proceedings**
Pursuant to **Kansas Supreme Court Rule 611**, initiate disciplinary proceedings to address systemic misconduct by Judge Eric W. Godderz, including retaliation against litigants, denial of due process, failure to issue judicial orders, refusal to admit evidence, and improper delegation of judicial authority to the Guardian ad Litem (GAL). These proceedings should examine whether his conduct compromises judicial impartiality and undermines the integrity of the judiciary, warranting suspension, removal, or other appropriate disciplinary measures.

**2. Oversight and Accountability**
Require the Kansas Supreme Court to review Judge Godderz's failure to fulfill ministerial duties, including issuing signed judicial orders following hearings, providing transcripts to litigants, and overseeing GAL actions. Ensure that these actions align with the responsibilities outlined in the **Kansas Code of Judicial Conduct (601B Rules)** and the judicial mandate to safeguard due process and procedural fairness.

**3. Address ADA Violations**
Refer documented violations of the **Americans with Disabilities Act (ADA)** to appropriate state and federal agencies, including the **DOJ Civil Rights Division**, for investigation. This referral should focus on Judge Godderz's failure to provide reasonable accommodations for my ADHD and my son's diagnosed psychological trauma and anxiety, as well as retaliatory actions taken against me for filing an ethics complaint.

**4. Implementation of Procedural Reforms**
Mandate reforms to improve transparency and procedural fairness in court processes. Require that all court orders are formally signed by the judge to ensure accountability and prevent improper delegation of authority. Additionally, ensure timely and accessible transcripts for litigants to safeguard the right to appeal and facilitate procedural oversight.

These actions are necessary to uphold the integrity of Kansas family courts, protect vulnerable litigants, and restore public confidence in the judiciary.

**IN THE DISTRICT COURT OF ANDERSON COUNTY, KANSAS
FOURTH JUDICIAL DISTRICT**

*In the Matter of the Marriage of:*

**JONATHAN DAVID LAWSON,**
           **Petitioner,**                    **Case No. 2020-DM-000131**
                                            **K.S.A. Chapter 23 & 60**

**v.**

**ANGELIINA LYNN LAWSON,**
           **Respondent.**

## MOTION TO WITHDRAW

COMES NOW attorney Ronald P. Wood and hereby moves to withdraw as counsel for Angeliina Lynn Lawson, Respondent, in the above-captioned case. Attorney, Ronald P. Wood, states in support that the Respondent, Angeliina Lynn Lawson, no longer desires his representation.

THEREFORE, based upon the above and foregoing, counsel for the Respondent respectfully requests that this Court enter an Order allowing him to withdraw as attorney for the Respondent.

                        Respectfully submitted,

                        /s/ RONALD P. WOOD
                        Ronald P. Wood, #10089
                        The Law Offices of Ronald P. Wood, LLC
                        11225 College Blvd., Suite 110
                        Overland Park, Kansas 66210
                        (913) 663-4446
                        (913) 663-5335 Facsimile
                        ronwood@ronaldwoodlaw.com
                        *Attorney for Respondent*

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the above and foregoing Motion to Withdrawal was delivered via email on the 23rd day of April 2025 to:

BreAnne Hendricks Poe
breanne@breannepoelaw.com
*Attorney for Petitioner*

Andrew Bolton
abolton@andrewboltonlaw.com
*Guardian Ad Litem*

Angeliina Lawson
angeliinalawson@gmail.com
*Respondent*

/s/ RONALD P. WOOD
Ronald P. Wood

 **Gmail**

Angeliina Lawson <angeliinalawson@gmail.com>

## FW: Courtesy NEF RE: 2020-DM-000131

**Ronald Wood** <ronwood@ronaldwoodlaw.com>                    Thu, Apr 24, 2025 at 12:40 PM
To: "Angeliina Lawson (angeliinalawson@gmail.com)" <angeliinalawson@gmail.com>

**From:** ks_efile_noreply@kscourts.gov <ks_efile_noreply@kscourts.gov>
**Sent:** Thursday, April 24, 2025 12:11 PM
**To:** Ronald Wood <ronwood@ronaldwoodlaw.com>
**Cc:** Ashley Lowe <ashley@ronaldwoodlaw.com>
**Subject:** Courtesy NEF RE: 2020-DM-000131

### ***** IMPORTANT NOTICE - READ THIS INFORMATION *****

### NOTICE OF ELECTRONIC FILING [NEF]

**A filing has been submitted to the court RE:**  2020-DM-000131

**Judge:**  Judge Honorable Eric W Godderz - Division EGODDERZ

**Official File Stamp:**              04-24-2025:12:08:52

**Court:**                            State of Kansas

                                      Anderson County District Court

**Case Title:**                       In the Matter of the Marriage of Jonathan David Lawson vs Angeliina Lynn Lawson

| | |
|---|---|
| **Document(s) Submitted:** | Judicial Rejection Order Permitting Withdrawal and Notice of Hearing |
| **Filed By:** | Eric W Godderz |
| **Note from the Court:** | in light of the recent filings and the issues involved in the case, the Court will not approve the order until the hearing date as presently set. I will address this motion first. |

This notice was automatically generated by the courts auto-notification system.

**The following people were served electronically:**

Ronald Phillip Wood for Angeliina Lynn Lawson

Honorable Eric W Godderz

Jennifer Elizabeth Spangler for Angeliina Lynn Lawson

Andrew Lee Bolton for Dal Lawson

Breanne Christine Hendricks Poe for Jonathan David Lawson

Randall John Abrams-Wharton for Jonathan David Lawson

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KANSAS CITY, KANSAS

JONATHAN DAVID LAWSON,

    Petitioner,

    v.

ANGELIINA LYNN LAWSON,

    Respondent, Pro Se

Case No: 5:25-cv-04045-JWB-TJJ

JURY DEMAND

IN THE MATTER OF THE REMOVAL OF CASE: AN-2020-DM-000131 (Anderson County District Court)

## MOTION TO COMPEL ACCESS TO STATE COURT RECORDS AND DOCKET

COMES NOW Respondent, Angeliina Lynn Lawson, appearing pro se, and respectfully moves this Court to compel the Clerk of the District Court of Anderson County, Kansas, to provide Respondent with access to the state court docket and associated records necessary to comply with Local Rule 81.2.

### I. BACKGROUND

1. On May 6, 2025, Respondent properly filed a Notice of Removal pursuant to 28 U.S.C. § 1446 and served the Clerk of the Anderson County District Court via fax.

2. On May 7, 2025, Respondent sent a follow-up email to Clerk Tina Miller of Anderson County to request access to the docket and confirm receipt. No reply was received.

3. As of this motion, the Anderson County docket has not reflected the removal, and Respondent has not been granted access to the court record required for filing in this Court under Local Rule 81.2.

## II. OBSTRUCTION AND GOOD FAITH EFFORTS

4. Respondent submitted a Verified Notice of Inability to File State Court Record Due to Obstruction on May 7, 2025, documenting these efforts and the failure of the state court clerk to respond or comply.

5. Respondent has no meaningful way to comply with Local Rule 81.2 absent access to the state court's docket and filings.

## III. RELIEF REQUESTED

6. Respondent respectfully requests that this Court issue an order compelling the Clerk of the Anderson County District Court to:

a. Confirm receipt and docketing of the Notice of Removal filed May 6, 2025;

b. Provide Respondent with a complete copy of the docket and relevant pleadings in Case No. 2020-DM-000131;

c. Cooperate with this Court's removal proceedings and facilitate record transfer or access as required under federal law.

WHEREFORE, Respondent prays this Court grant the requested relief and enter an order compelling cooperation from the Anderson County Clerk, and for such other relief as the Court deems just and proper.

Respectfully submitted,                          Dated: May 7, 2025

Angeliina Lynn Lawson

1914 5th Ave., Leavenworth, KS 66048

angeliinacourtrecords@gmail.com

(913) 972-1661

Pro Se Litigant

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2025 I filed the foregoing Motion to Compel with the Clerk of the United States District Court for the District of Kansas, and will serve a true and correct copy of the same via U.S. Mail and/or electronic service to the following:

**Jonathan Lawson**
7029 Round Prairie St.
Shawnee, KS 66226

**Clerk of the District Court of Anderson County**
100 E. 4th Ave.
Garnett, KS 66032

Respectfully submitted,                                      Dated: May 7, 2025

Angeliina Lynn Lawson
1914 5th Ave., Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
913-972-1661
Pro Se Litigant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KANSAS CITY, KANSAS

JONATHAN DAVID LAWSON,

Petitioner,

v.

ANGELIINA LYNN LAWSON,

Respondent, Pro Se

Case No: 5:25-cv-04045-JWB-TJJ

JURY DEMAND

State Case Removed: AN-2020-DM-000131 (Anderson County)

## SUPPLEMENTAL NOTICE OF POST-REMOVAL ADA OBSTRUCTION AND CONSTRUCTED RECORD VIA CART

COMES NOW Respondent, Angeliina Lynn Lawson, appearing pro se, and respectfully submits this supplemental notice to inform the Court of additional post-removal actions taken by the Anderson County District Court in violation of 28 U.S.C. § 1446(d), the Americans with Disabilities Act (ADA), and due process protections under the U.S. Constitution.

### I. BACKGROUND

1. Respondent removed this case to federal court on May 6, 2025, and notified the state court pursuant to 28 U.S.C. § 1446(d). Notified federal court of obstruction to obtain full certified filings by clerk not filing the notice and not providing access into the case.

2. The clerk did no docket the removal until May 8, 2025—two days later—and mislabeled it as 'correspondence' instead of a formal jurisdictional filing.

3. On May 8, 2025, the Anderson County court conducted a hearing at 9:00am without admitting Respondent to the Zoom proceeding or sending her a zoom link, despite proper

appearance and follow-up emails documenting exclusion. After several attempts of having the zoom waiting room denied, the Respondent was admitted late 9:11am and everyone was already there talking. Judge Eric W. Godderz proceeded with a scheduled hearing and continued on even after Respondent gave jurisdictional statement for court record. The Judge moved on as if nothing was said and initially stated that no federal removal had been received. Shortly thereafter, he acknowledged the filing—but only after Respondent's motion to compel the clerk had been submitted and the issue pressed.

4. Respondent contends that the delay and mislabeling of the removal notice appear designed to frustrate federal jurisdiction and maintain unlawful state control over the matter.

5. No advance notice was given that CART (Communication Access Real-Time Translation) services would be provided or utilized.

6. No real-time access, download link, or follow-up email was provided to Respondent containing any CART notes or transcript. During the zoom there was nothing to help with the subtitles or real time access.

7. On May 8, 2025, in the afternoon after the hearing with no notice or email the state docket shows the court added 'CART notes from Hearing (5/08/2025)' under Index #45, without providing those notes to Respondent. No access to CART transcript.

## II. CONTINUED STATE COURT PROCEEDINGS POST-REMOVAL

8. At the May 8, 2025 hearing, the state court proceeded to address substantive issues, including motions regarding supervised visitation and psychological evaluations, despite having no jurisdiction under 28 U.S.C. § 1446(d).

9. These proceedings occurred while Respondent was initially denied access to the Zoom platform, and later objected on the record to jurisdiction and participation.

10. The failure to notify or provide access to CART violates Title II of the Americans with Disabilities Act (42 U.S.C. § 12132), which requires meaningful access and equal participation.

11. The addition of CART notes to the state docket after the hearing—without Respondent's knowledge, presence, or access—constitutes construction of a false record and manufactured compliance.

12. These acts further undermine the legitimacy of the May 8, 2025 hearing, which was already held in violation of 28 U.S.C. § 1446(d) following the valid federal removal.

13. Respondent was denied the opportunity to participate, observe, or even view the record created in her absence.

## III. REQUEST FOR JUDICIAL NOTICE AND RECORD ENTRY

14. Take judicial notice of the delayed and mischaracterized docket entry of the Notice of Removal in Anderson County;

15. That the Court take judicial notice that no real-time CART access or follow-up transcript was provided to Respondent.

16. Recognize that the state court unlawfully continued with substantive proceedings despite removal;

17. That Index #45 ('CART notes from Hearing') was added to the state docket without distribution to Respondent, but still no access to Respondent to obtain filings.

18. That this filing be entered into the federal record to support forthcoming motions concerning ADA violations, due process obstruction, and the invalidity of any state action on or after May 8, 2025.

19. Preserve this filing as part of the official federal record of jurisdictional interference and ADA-related retaliation.

Respectfully submitted,                                    Date: May 8, 2025

Angeliina Lynn Lawson

1914 5th Ave., Leavenworth, KS 66048

angeliinacourtrecords@gmail.com

(913) 972-1661

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2025 I filed the foregoing SUPPLEMENTAL NOTICE OF POST-REMOVAL ADA OBSTRUCTION AND CONSTRUCTED RECORD VIA

CART with the Clerk of the United States District Court for the District of Kansas, and will serve a true and correct copy of the same via U.S. Mail and/or electronic service to the following:

**Jonathan Lawson**
7029 Round Prairie St.
Shawnee, KS 66226

**Clerk of the District Court of Anderson County**
100 E. 4th Ave.
Garnett, KS 66032

Respectfully submitted,                                    Dated: May 8, 2025

Angeliina Lynn Lawson
1914 5th Ave., Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
913-972-1661
Pro Se Litigant

48

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN DAVID LAWSON,     )
     )
    Petitioner,     )
     )
v.     )
     )   Case No. 5:25-cv-04045-JWB-TJJ
ANGELIINA LYNN LAWSON,     )
     )
    Respondent.     )
     )

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

Respondent Angeliina Lynn Lawson filed a notice of removal from Anderson County District Court on May 2, 2025 (Doc. 1), and subsequently filed a corrected notice of removal (Doc. 6) on May 6, 2025. Respondent attempts to remove an underlying state court family law matter involving enforcement of child support and maintenance arrears and child custody issues. This action is before the Court on Respondent Angeliina Lynn Lawson's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 4).

**I.    Respondent's Motion to Proceed Without Prepayment of Fees**

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees of security therefor, by a person who submits an affidavit . . . [if] the person is unable to pay such fees or give security therefor."[1] To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to

---

[1] 28 U.S.C. § 1915(a)(1).

pay the required filing fees.  The decision to grant or deny *in forma pauperis* status under § 1915 lies within the "wide discretion" of the trial court.[2]

Based on the information contained in her application, Respondent has shown the inability to pay the required filing fee to institute a civil action.[3]  The Court will therefore grant Respondent's request to proceed without the prepayment of fees.

## II.    Screening Pursuant to 28 U.S.C. § 1915

When a party seeks to proceed without the prepayment of fees, § 1915 requires the court to screen the party's complaint.  The court must dismiss the complaint if it determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.  The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[4]

This Court reviews the sufficiency of the pleadings under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[5]  The complaint "must allege sufficient facts to state a claim which is plausible—more than merely conceivable—on its face."[6]  Pursuant to Fed. R. Civ. P. 8(a)(2) a complaint must provide a "short and plain statement of the claims showing that the pleader is entitled to relief."  Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief

---

[2] *Lister v. Dept. of Treas.*, 408 F.3d 1309, 1313 (10th Cir. 2005) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004)).
[3] *See* Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 4.
[4] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[5] *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).
[6] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

beyond the speculative level."[7] Respondent proceeds pro se, thus her pleadings must be construed liberally.[8] However, she still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[9] and the Court cannot "take on the responsibility of serving as [her] attorney in constructing arguments and searching the record."[10]

"Apart from the court's obligation to screen IFP complaints for merit, the court has an independent obligation to determine if subject-matter jurisdiction exists."[11] "[F]ederal courts are courts of limited subject-matter jurisdiction" and "may only hear cases when empowered to do so by the Constitution and by act of Congress."[12] Further, "A complaint is frivolous within the meaning of § 1915(d), if its subject matter is outside the jurisdiction of the court."[13]

### A. Removal in this Case Is Improper

Under 28 U.S.C. § 1441(a), a party in a state court civil action may remove that action to federal court. However, "an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit."[14] "This jurisdictional prerequisite to removal is an absolute, non-waivable requirement."[15] A party seeking removal bears the burden of satisfying the court's subject matter jurisdiction. The face of the complaint must "demonstrate that subject-matter jurisdiction exists either based on diversity of the parties

---

[7] *Bell Atl. Corp.*, 550 U.S. at 545.
[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[9] *Id.*
[10] *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).
[11] *Martinez v. Pickering*, No. 21-4083-JAR-ADM, 2021 WL 12146947, at *2 (D. Kan. Dec. 8, 2021), *report and recommendation adopted*, No. 21-4083-JAR-ADM, 2022 WL 21778539 (D. Kan. Feb. 28, 2022) (citing *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015)).
[12] *Gad*, 787 F.3d at 1035.
[13] *Oltremari by McDaniel v. Kan. Social & Rehabilitative Serv.*, 871 F. Supp. 1331, 1333 (D. Kan. 1994).
[14] *Jefferson Cnty, Ala. v. Acker*, 527 U.S. 423, 430 (1999).
[15] *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (quoting *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996)).

under 28 U.S.C. § 1332 or based on a federal question presented by the claim under 28 U.S.C. § 1331."[16]

### 1. Diversity Jurisdiction Is Not Established

Respondent does not allege facts to establish diversity jurisdiction. Respondent does not allege the residency of the Petitioner, and therefore she cannot facially show the Court has jurisdiction based on diversity of the parties pursuant to 28 U.S.C. § 1332.[17] Further, Respondent is a resident of the State of Kansas. And, 28 U.S.C. § 1441(b)(2) bars home-state removal, as an action is not removable on the basis of diversity if any defendant "is a citizen of the State in which the action is brought."[18]

### 2. Federal Question Jurisdiction Is Not Established

Notwithstanding Respondent's claims of error by the state court judge, no basis for federal question jurisdiction is established for removal pursuant to 28 U.S.C. § 1331. Though Respondent vaguely raises Americans with Disabilities ("ADA") and constitutional claims in her notice of removal, this court must decline to exercise jurisdiction on the basis of federal question, as the underlying case is a domestic relations case involving enforcement of child support, maintenance arrears, and child custody issues.[19]

---

[16] *Martinez v. Pickering*, 2021 WL 12146947, at *2.

[17] *Richmond v. Original Juan and Spicin Foods*, No. 21-2500-DDC-TJJ, 2022 WL 103290, at *2 (D. Kan. Jan. 11, 2022) (finding the Court does not have diversity jurisdiction when Plaintiff failed to allege the parties' citizenship).

[18] *See NYMT Loan Financing Trust v. Cummings*, No. 19-cv-2582-KHV, 2020 WL 290951, at *2 (D. Kan. Jan. 21, 2020) (finding removal improper on the basis of diversity jurisdiction when defendant is a Kansas resident attempting to remove case from state court to the District of Kansas).

[19] *See Watson v. State*, No. 15-9930-JAR-JPO, 2016 WL 1359868, at *4 (D. Kan. Apr. 6, 2016), *aff'd*, 668 F. App'x 840 (10th Cir. 2016) ("Although the domestic relations exception is generally considered an exception to diversity jurisdiction, it may also be applied in federal question cases.").

It is well established that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not the laws of the United States."[20]  Courts have set forth many policy reasons for such a domestic-relations exception in federal court, including that states have a strong interest in domestic relations and have the expertise and capabilities to settle domestic disputes.[21]  Such cases "serve no particular federal interest," and often require ongoing judicial intervention for which federal courts are not suited.[22]  Accordingly, federal courts cannot "'reopen, reissue, correct, or modify' an order in a domestic relations case."[23]  Here, Respondent asks the Court to do exactly that.[24]  However, allowing removal of Respondent's domestic relations case would require this Court to make determinations of child custody, support, and maintenance that are regularly and appropriately decided in state court, and "lie outside federal jurisdictional bounds."[25]  Additionally, to the extent Respondent seeks removal to vindicate her civil and constitutional rights in the state court action, dismissal or remand is still required because "a case may not be removed to federal court solely because of a defense or counterclaim arising

---

[20] *Escalante v. Burmaster*, No. 23-3195-JWL, 2023 WL 5275117, at *2 (D. Kan. Aug. 16, 2023) (quoting *Chapman v. Oklahoma*, 472 F.3d 747, 749–50 (10th Cir. 2006)).
[21] *Vaughn v. Smithson*, 883 F.2d 63, 65 (10th Cir. 1989).
[22] *Id.*
[23] *Alfaro v. Cnty of Arapahoe*, 766 F. App'x 657, 659 (10th Cir. 2019) (quoting *Leathers v. Leathers*, 856 F.3d 729, 756 (10th Cir. 2017)).
[24] Corrected Notice of Removal, ECF No. 6, pg. 3 (requesting the court assume jurisdiction over the state court case).
[25] *Redick v. KVC Behavioral Healthcare, Inc.*, No. 19-3129-SAC, 2020 WL 1271929, at *1 (D. Kan. Mar. 17, 2020) (quoting *Marshall v. Marshall*, 547 U.S. 293, 308 (2006)); *See Watson*, 2016 WL 1359868, at *4 (finding the Court does not have federal question jurisdiction when adjudicating defendants' federal claims would also require the federal court to make child support determinations).

under federal law."[26] Therefore, this Court cannot exercise jurisdiction over the matter on the basis of federal question, or otherwise.[27]

The Court also rejects Respondent's contention that the notice of removal "is filed pursuant to 28 U.S.C. § 1443(1), which allows removal of state cases where a person is denied or cannot enforce their civil rights in the courts of such State."[28] "The United States Supreme Court has established a two part test for section 1443 removal petitions."[29] As applied to Respondent's notice of removal, it must appear (1) that the right allegedly denied Respondent arises under a federal law providing for specific civil rights *stated in terms of racial equality*; and (2) that Respondent has been denied or cannot enforce her specified rights in Kansas State court.[30] Respondent's notice of removal acknowledges that the specific civil rights Respondent alleges she was denied arise under the ADA for disability discrimination, *not* under a federal law providing for specific civil rights stated in terms of racial equality.[31] Thus, Respondent fails the section 1443 test; she cannot remove this case to federal court pursuant to 28 U.S.C. § 1443(1).

Because it is clear that Respondent has alleged no facts to support either diversity or federal question jurisdiction the Court lacks subject-matter jurisdiction, and the undersigned U.S. Magistrate Judge recommends this matter be **DISMISSED** or **REMANDED** to the District Court of Anderson County, Kansas for further proceedings.

---

[26] *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005); *Emrit v. Jules*, No. 23-CV-2305-JAR-TJJ, 2023 WL 486490 (D. Kan. July 31, 2023) (recommending dismissal of constitutional and Title VII claims associated with a domestic relations issue when the court lacked subject-matter jurisdiction).

[27] *See Jefferson Cnty, Ala. v. Acker*, 527 U.S. 423, 430 (1999) ("an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit.")

[28] Corrected Notice of Removal, ECF No. 6, p. 1.

[29] *Akhlaghi v. Berry*, 294 F. Supp. 2d 1238, at 1241–42 (D. Kan. 2003).

[30] *Id.* (quoting *State of Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990)) (internal quotations omitted).

[31] Corrected Notice of Removal, ECF No. 6, p. 2.

Respondent is hereby informed that, within 14 days after she is served with a copy of this report and recommendation, she may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Respondent must file any objections within the 14-day period allowed if she wants to have appellate review of the recommended disposition. If Respondent does not timely file her objections, no court will allow appellate review.

**IT IS THEREFORE ORDERED** that Respondent's Motion to Proceed Without Prepayment of Fees (ECF No. 4) is granted, but the Court withholds service of process pending District Judge Broomes's § 1915 review.

A copy of this report and recommendation shall be mailed to Respondent.

**IT IS SO ORDERED.**

Dated May 15, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN DAVID LAWSON,   )
Petitioner,        )
            )
v.           ) Case No. 5:25-cv-04045-JWB-TJJ
            )
ANGELIINA LYNN LAWSON,   )
Respondent, Pro Se     )
            )    **JURY TRIAL DEMAND**

RESPONDENT'S OBJECTION TO REPORT AND RECOMMENDATION (ECF NO. 16)

Respondent, Angeliina Lynn Lawson, appearing pro se and under duress, respectfully files this Objection to the Report and Recommendation ("R&R") entered by Magistrate Judge Teresa J. James on May 15, 2025 (ECF No. 16), pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.1(b). This Court should reject the R&R and retain jurisdiction over this matter for the reasons below:

I. STATE COURT LOST JURISDICTION UPON REMOVAL (28 U.S.C. § 1446(d))

The R&R erroneously disregards that removal was affected on May 6, 2025, via timely Notice of Removal under 28 U.S.C. § 1446(d). Pursuant to Supreme Court precedent, the filing of the Notice of Removal in state court strips the state court of all jurisdiction over the matter. See *National Steamship Co. v. Tugman*, 106 U.S. 118, 122 (1882); *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1254 (11th Cir. 1988).

Despite proper service, the Anderson County District Court conducted a hearing on May 8, 2025, in direct violation of § 1446(d). Respondent was denied access to the Zoom link, real-time participation, subtitles or the CART notes after the hearing. The state court's actions were taken without jurisdiction and are void *ab initio*. The R&R fails to account for these jurisdictional violations.

II. RESPONDENT ASSERTED FEDERAL CIVIL RIGHTS CLAIMS UNDER THE ADA AND § 1983

The R&R incorrectly treats the removal as a domestic relations dispute. This is incorrect. Respondent removed this matter under 28 U.S.C. § 1443(1) due to systemic and ongoing denial of access to courts, and supplemental filings assert federal claims under Title II of the Americans with Disabilities Act (42 U.S.C. § 12132) and 42 U.S.C. § 1983 for denial of access to the courts, judicial retaliation, and deprivation of due process.

The United States Supreme Court in *Tennessee v. Lane*, 541 U.S. 509 (2004), held that Title II of the ADA applies to court systems and guarantees equal access to judicial proceedings. The state court has:

- Denied meaningful access to hearings (no CART access or transcripts, no Zoom links, no captions);
- Conducted proceedings ex parte without notice to Respondent;
- Suppressed and manipulated filings in violation of procedural due process;
- Retaliated against Respondent for asserting ADA rights (see 42 U.S.C. § 12203);
- Engaged in coordinated misconduct among clerks, GAL, therapist, and opposing parties.

These facts place this removal within the scope of *Tennessee v. Lane*, 541 U.S. 509 (2004), which affirms the applicability of ADA Title II to state judicial services.

These are actionable federal civil rights violations that cannot be dismissed as mere "custody" issues.

## III. REMOVAL UNDER 28 U.S.C. § 1443 IS APPROPRIATE

The R&R dismisses Respondent's invocation of 28 U.S.C. § 1443 without applying the controlling standard. While courts have narrowly construed § 1443(1), the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780 (1966), and *Johnson v. Mississippi*, 421 U.S. 213 (1975), held that removal is appropriate where a litigant is effectively denied enforcement of federally protected civil rights in state court.

Respondent alleges a systemic denial of ADA accommodations, refusal to transmit records, blocked from access to own case filings, denied to self-represent, ex parte communications, and tampering and suppression of filings—all of which render it impossible to enforce her federal rights in state court. This invokes the protections of § 1443 and distinguishes this case from ordinary family law matters.

## IV. FEDERAL COURT MUST REQUIRE TRANSMITTAL OF THE STATE RECORD UNDER § 1447(b)

The Clerk of the Anderson County District Court has continued to obstruct transmittal of the state court record in violation of 28 U.S.C. § 1447(b). Respondent filed a Petition for Writ of Certiorari to compel production of the full case file. Clerk has not filed any of the notices or responded to any of my emails requesting access to my file.

Without access to the full record, Respondent cannot effectively litigate or obtain meaningful review. The Court should enforce its authority under § 1447(b) and require the Clerk to transmit the complete official file. Demonstrates further ADA-based exclusion from court access.

## IV. RESPONDENT'S 7TH AMENDMENT RIGHT TO JURY TRIAL

57

The R&R fails to address Respondent's demand for a jury trial. The Seventh Amendment guarantees the right to a jury in suits involving federal claims, including:

- Civil rights violations under 42 U.S.C. § 1983;
- ADA Title II discrimination and retaliation claims.

Failure to preserve the jury right infringes upon constitutional protections.

**DEMAND FOR JURY TRIAL**
Pursuant to Fed. R. Civ. P. 38 and 42 U.S.C. § 1983, Respondent demands a jury trial on all issues triable by jury, including claims arising under the Americans with Disabilities Act (ADA), retaliation, and civil rights violations under color of law.

## V. RESPONDENT IS ENTITLED TO AMEND UNDER 28 U.S.C. § 1653 **AND FED. R. CIV. P. 15**

To the extent the R&R found any defects in the jurisdictional statement or the Notice of Removal, Respondent respectfully requests leave to amend under 28 U.S.C. § 1653. Federal courts routinely permit amendment of defective jurisdictional allegations. See *Morse v. McWhorter*, 290 F.3d 795, 799–800 (6th Cir. 2002).

Respondent has diligently filed Verified Notices, Affidavits, Memos, and Supplemental Notices documenting her claims and jurisdictional grounds. Any deficiency can be cured by amendment.

## VI. CONCLUSION

Respondent respectfully requests that the District Court:

1. Reject the R&R (ECF No. 16);
2. Retain jurisdiction over removed action under 28 U.S.C. § 1443(1) and 28 U.S.C. § 1331;
3. Issue an order under § 1447(b) compelling transmission of the state record;
4. Enforce Respondent's right to ADA accommodations and jury trial;
5. Declare the May 8, 2025 state court hearing void under § 1446(d);
6. Grant Respondent leave to amend under Fed. R. Civ. P. 15 and 28 U.S.C. § 1653;
7. Grant such other relief as justice requires.

Respectfully submitted,                          Dated: May 16, 2025

Angeliina Lynn Lawson, Respondent, Pro Se
1914 5th Ave., Leavenworth, KS 66048
angeliinacourtrecords@gmail.com
(913) 972-1661

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 16, 2025**, I filed the foregoing RESPONDENT'S OBJECTION TO REPORT AND RECOMMENDATION (ECF NO. 16) with the Clerk of the District Court of Kansas, and served a true and correct copy of the same by U.S. Mail and/or electronic service to the following:

**Jonathan David Lawson**
7029 Round Prairie St.
Shawnee, KS 66226

Respectfully submitted,                                    Dated: May 16, 2025

**Angeliina Lynn Lawson**
1914 5th Ave.
Leavenworth, KS 66048
angeliinacourtrecords@gmail.com
(913) 972-1661

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Angeliina Lynn Lawson (angeliinacourtrecords@gmail.com), District
Judge John W. Broomes (joyce_roach@ksd.uscourts.gov,
ksd_broomes_chambers@ksd.uscourts.gov), Magistrate Judge Teresa J. James
(ksd_james_chambers@ksd.uscourts.gov)
--Non Case Participants: Stephen O. Phillips (steve.phillips@kscourts.org)
--No Notice Sent:

Message-Id:6367038@ksd.uscourts.gov
Subject:Activity in Case 5:25-cv-04045-JWB-TJJ Lawson v. Lawson Order on Motion to Compel
Content-Type: text/html
```

## U.S. District Court

### DISTRICT OF KANSAS

## Notice of Electronic Filing

The following transaction was entered on 5/29/2025 at 10:21 AM CDT and filed on 5/29/2025

| | |
|---|---|
| **Case Name:** | Lawson v. Lawson |
| **Case Number:** | 5:25–cv–04045–JWB–TJJ |
| **Filer:** | |
| **Document Number:** | 20(No document attached) |

**Docket Text:**
**ORDER denying, without prejudice, [10] Plaintiff's Motion to Compel Access to State Court Records and Docket. In light of the pending [16] Report and Recommendation recommending dismissal or remand of this matter, and Plaintiff's [17] Objections to the Report and Recommendation, the Court denies Plaintiff's Motion to Compel, without prejudice to refiling _after_ the District Judge enters his order on the Report and Recommendation, _if that order does not dismiss the case._ Signed by Magistrate Judge Teresa J. James on 5/29/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf)**

**5:25–cv–04045–JWB–TJJ Notice has been electronically mailed to:**

Angeliina Lynn Lawson     angeliinacourtrecords@gmail.com

**5:25–cv–04045–JWB–TJJ Notice has been delivered by other means to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN DAVID LAWSON,

       Plaintiff,

v.                               Case No.  25-4045-JWB

ANGELIINA LYNN LAWSON,

       Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Angeliina Lawson's objection (Doc. 17) to Magistrate Judge Teresa James' Report and Recommendation ("R&R") (Doc. 16) recommending dismissal or remand of this action.  After review, the court ADOPTS the R&R and remands this action.

**I.**    **Facts and Procedural History**

On May 2, 2025, Defendant Lawson filed a notice of removal in this court.  The notice states that Defendant is removing a state court family law matter (Case No. 2020-DM-131) "involving enforcement of child support and maintenance arrears."  (Doc. 1 at 2.)  Defendant asserts that this court has jurisdiction under 28 U.S.C. § 1443(1) because her civil rights are being denied in state court.  Specifically, Defendant contends that she is being denied the right to self-representation, the right to due process, and the right to reasonable accommodations under the Americans with Disabilities Act.  (Doc. 1 at 2.)  Defendant also cites to 42 U.S.C. § 1983 and states that her civil rights have been violated.

Defendant requests that this court "assume jurisdiction" over this matter, stay the state court action, declare that Defendant has been denied her federally protected rights, and order further proceedings.  (Doc. 1 at 4.)

1

Magistrate Judge James entered an R&R recommending dismissal or remand to state court for lack of subject matter jurisdiction. Defendant has filed an objection.

## II.    Standard

On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . .'").

Because Defendant is proceeding pro se, the court is to liberally construe her filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on her behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## III.    Analysis

Magistrate Judge James determined that removal of this action was improper because this court would not have original jurisdiction of this matter and § 1443(1) is inapplicable. The court agrees. Under 28 U.S.C. § 1441(a), a defendant may remove a state court action to federal court when the case "originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This court does not have original jurisdiction over family law matters. *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005). Therefore, removal was improper under 1441(a).

2

Further, as stated by Magistrate Judge James, a defense or counterclaim based on federal law also does not provide a basis for this court's jurisdiction. *Hunt*, 427 F.3d at 727.

Plaintiff also asserted that removal was proper under § 1443(1). That statute "allows removal to address the violation of a right to racial equality that is unenforceable in state court." *Hunt*, 427 F.3d at 727 (citing *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Plaintiff's notice of removal does not assert that a right to racial equality has been violated. Therefore, she cannot remove the state court action under this statute. Plaintiff's assertion in her objection that § 1443(1) has been expanded to encompass other civil rights is incorrect. *See Marsee v. Serpik*, No. 23-6106, 2023 WL 9529229, at *1 (10th Cir. Aug. 31, 2023) (stating the same standard for removal under § 1443(1)).

Therefore, this court lacks subject matter jurisdiction over this action.

**IV.    Conclusion**

Based on the reasons herein, the court ADOPTS the R&R and remands this matter to the Anderson County District Court.

IT IS SO ORDERED. Dated this 29th day of May 2025.

__ ___s/ John Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

3

63

# UNITED STATES DISTRICT COURT
## OFFICE OF THE CLERK
### DISTRICT OF KANSAS



**SKYLER B. O'HARA**
CLERK OF COURT
E-MAIL: Skyler_OHara@ksd.uscourts.gov
(913) 735-2220

**STEPHANIE MICKELSEN**
CHIEF DEPUTY CLERK
E-MAIL: stephanie_mickelsen@ksd.uscourts.gov
(913) 735-2235

490 U.S.COURTHOUSE
444 SE QUINCY
TOPEKA, KS 66683

204 U.S.COURTHOUSE
401 N. MARKET
WICHITA, KS 67202

259 ROBERT J. DOLE U.S. COURTHOUSE
500 STATE AVENUE
KANSAS CITY, KS 66101

Clerk
Anderson County District Court
PO Box 305
100 E. 4th
Garnett KS 66032

Re:  Jonathan David Lawson vs. Angeliina Lynn Lawson
     Our Case No. 25-4045-JWB-TJJ
        Your No: 2020-DM-000131

Dear Clerk:

Pursuant to Memorandum & Order (Doc 22) this case is being remanded back to your court. Please find enclosed a certified copy of the Order of Remand and an attested copy of our docket sheet. Should you need copies of any other pleading, please contact this office at 785-338-5400.

Sincerely yours,

SKYLER B. O'HARA, CLERK

By <u>M Barnes</u>
       Deputy Clerk

Enclosures

64

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Case No. 5:25-cv-04045-JWB-TJJ

JONATHAN LAWSON,

Petitioner

v.

ANGELIINA LYNN LAWSON,

Respondent

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Respondent, Angeliina Lynn Lawson, proceeding pro se, hereby appeals to the United States Court of Appeals for the Tenth Circuit from the Order entered on May 29, 2025, by the Honorable John W. Broomes, adopting the Report and Recommendation of Magistrate Judge Teresa J. James, and remanding the case to the District Court of Anderson County, Kansas.

This appeal concerns the federal district court's determination that subject matter jurisdiction was lacking under 28 U.S.C. § 1443 and related statutes, despite the presence of claims involving civil rights violations, ADA-based retaliation, and documented procedural misconduct involving state actors.

Respondent respectfully requests that the United States Court of Appeals for the Tenth Circuit review the jurisdictional findings and the denial of Respondent's right to have this matter heard in a federal forum.

Dated: May 30, 2025

Respectfully submitted,

Angeliina Lynn Lawson

Pro Se Respondent

1914 5th Ave., Leavenworth, KS 66048

angeliinacourtrecords@gmail.com

(913) 972-1661

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2025, I electronically filed the foregoing **Notice of Appeal** with the Clerk of the United States District Court for the District of Kansas using the CM/ECF system. I further certify that a copy of this filing will be served via email upon all parties and counsel of record once formal notice of appeal is docketed.

This Certificate is submitted in compliance with applicable federal rules and local court procedures.

Dated: May 30, 2025

Respectfully submitted,

Angeliina Lynn Lawson

Pro Se Plaintiff

1914 5th Ave., Leavenworth, KS 66048

angeliinacourtrecords@gmail.com

(913) 972-1661