IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

Appeal No. 25-3097

ANGELIINA LYNN LAWSON,

Appellant

v.

JONATHAN LAWSON,

Appellees

# EMERGENCY MOTION FOR RELIEF PENDING APPEAL UNDER FRAP 8

COMES NOW the Appellant, Angeliina Lynn Lawson, appearing pro se, and respectfully moves this Honorable Court pursuant to Federal Rule of Appellate Procedure 8(a)(2) for immediate relief to preserve the status quo of parenting time, protect her access to justice, and prevent further retaliation under federal civil rights statutes.

## I. BACKGROUND AND FACTUAL SUPPORT

On May 30, 2025, Appellant filed a federal civil rights appeal raising claims under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 1983, 1985(3), 1986, and 28 U.S.C. § 1443(1) for denial of parental access, procedural obstruction, and retaliation.

On that same day, Appellee Jonathan Lawson unilaterally canceled court-ordered, supervised parenting time via Layne Project. He has refused to reschedule visits for two weeks.

Since the Appellee was served with certificate of service of the appeal court document there is an immediate retaliation as of today June 9, 2025 he told the Layne Project he will no longer comply with billing obligations and court ordered, and Layne Project is forced to suspend all visits unless he starts to pay again for the visits.

Appellant, in IFP states, bears full financial cost beyond her financial abilities and while the father is in arrears $32,000 for child support expenses and alimony that the lower

courts refuse to enforce but has attempted several times to redirect the arrears to pay for court appointed individual violating the Taking Clause.

courts refuse to enforce but has attempted several times to redirect the arrears to pay for court appointed individual violating the Taking Clause.

## II. LEGAL GROUNDS FOR RELIEF

### A. Federal Constitutional Rights and ADA Title II

Appellant is being denied:

- Access to the courts, a fundamental right under the First and Fourteenth Amendments, and the Kansas Bill of Rights § 18, which guarantees that "justice [shall be] administered without delay";
- Reasonable accommodations required under the ADA, Title II (42 U.S.C. § 12132) and 28 C.F.R. § 35.130, including digital access to court records and therapeutic services.

### B. Proper Removal Under 28 U.S.C. § 1443(1)

This Court has jurisdiction because:

"The state court system has engaged in the selective and intentional refusal to enforce both federally protected civil rights under the ADA and constitutionally guaranteed access to justice under the Kansas Bill of Rights and U.S. Constitution. By conditioning court access on in-person travel and denying parenting services following a request for ADA accommodations, state actors have refused to enforce state and federal law equally, satisfying the standard of Georgia v. Rachel, 384 U.S. 780 (1966), and rendering the state court forum constitutionally inadequate."

Although courts have historically limited § 1443(1) to racial equality claims, this interpretation is textually and constitutionally flawed. The ADA is a federal civil rights statute "providing for equal civil rights" to a historically marginalized and systemically excluded group. Categorical exclusion of ADA-based removal petitions violates the Equal Protection Clause by creating a legally unsupported hierarchy of civil rights based solely on the nature of the protected class.

Moreover, 28 U.S.C. § 1443 does not require states to enact their own civil rights laws to qualify for removal protection. The ADA is a federal law binding upon all states. States lack independent ADA statutes and rely exclusively on federally delegated responsibilities under Title II. Thus, state administrative or judicial failure to enforce those federal rights squarely implicates federal jurisdiction and necessity for removal.

The DOJ's recent position to cease defending administrative law judges further underscores that such bodies are not constitutionally sufficient forums for ADA enforcement. Federal courts cannot lawfully delegate the enforcement of federal civil rights statutes—particularly the ADA—to administrative or state courts where no adequate or equivalent protections are available.

## III. EMERGENCY RELIEF STANDARD MET

1. **Likelihood of Success on the Merits**
   Appellant has shown systemic ADA violations, retaliatory parental interference, and unconstitutional denial of access to records and access to her child for exercising her rights. She has also raised a compelling constitutional challenge to the application of § 1443 that warrants consideration on the merits.
2. **Irreparable Harm**
   The parent-child bond has been suspended for over 14 days, with no access or updates. Reunification has been indefinitely stalled. Continued inaccessibility of court records and services exacerbates due process violations.
3. **Balance of Harms**
   Relief would restore only previously authorized visitation and restore existing orders. The harm to the child and Appellant far outweighs any burden to Appellee.
4. **Public Interest**
   Enforcing federal ADA protections, upholding parental rights, and securing fair court access for indigent and disabled litigants is a matter of profound public.

## IV. RELIEF REQUESTED

Appellant respectfully requests that this Court issue an emergency order:

- Restoring supervised parenting time under the Layne Project schedule, including approved in-home and therapeutic equine visits;
- Prohibiting Appellee from unilaterally canceling or financially blocking visitation;
- Ordering immediate ADA accommodations for digital access to court records and filings for appeal review in docketing files;
- Preserving the status quo and halting all retaliatory conduct by Appellees or agents thereof during the pendency of this appeal;
- Granting any other relief the Court deems just and proper.

Respectfully submitted,
Date: June 9, 2025

**Angeliina Lynn Lawson**
Pro Se Appellant
1914 5th Ave.
Leavenworth, KS 66048
angeliinacourtrecords@gmail.com
(913) 972-1661

# CERTIFICATE OF SERVICE

I hereby certify that on this 9 day of June, 2025, I caused a true and correct copy of the foregoing **Emergency Motion for Relief Pending Appeal Under FRAP 8** to be served via U.S. Mail/email/electronic filing system to the following parties:

**Jonathan Lawson**
7029 Round Prairie St., Shawnee, KS 66226
Appellee

Pursuant to Tenth Circuit Rule 25.3 and Federal Rule of Appellate Procedure 25(d), I certify that all parties required to be served have been served in compliance with applicable rules.

Respectfully submitted,

**Angeliina Lynn Lawson**
Pro Se Appellant
1914 5th Ave.
Leavenworth, KS 66048
angeliinacourtrecords@gmail.com
(913) 972-1661
Date: June 9, 2025

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

UNITED STATES POSTAL SERVICE | PRIORITY® MAIL

US POSTAGE AND FEES PAID
PRIORITY MAIL IMI
Jun 09 2025
Mailed from ZIP 66043
1 LB PRIORITY MAIL RATE
ZONE 4
10062044
Commercial
063S0011485634

P

USPS PRIORITY MAIL ®

ANGELINA LAWSON
1914 5TH AVE
Leavenworth KS 66048

C000   0003

SHIP TO:
US COURT OF APPEAL
BYRON WHITE US COURTHOUSE
1823 STOUT ST
DENVER CO 80257-0001

USPS TRACKING #

9405 5118 9956 0052 2824 54

FROM:
Angeliina Lawson
1914 5th Ave
Leavenworth, KS 66048

Scanned by
US Marshal

TO: US Court of Appt
Byron White US Courthous
1823 Stout Street
Denver, CO 80257