FILED
United States Court of Appeals
Tenth Circuit

June 25, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

JONATHAN DAVID LAWSON,

    Plaintiff - Appellee,

v.

ANGELIINA LYNN LAWSON,

    Defendant - Appellant.

No. 25-3097
(D.C. No. 5:25-CV-04045-JWB-TJJ)
(D. Kan.)

_____

**ORDER**
_____

Before **HOLMES**, Chief Judge, and **BACHARACH**, Circuit Judge.
_____

    Angeliina Lynn Lawson, proceeding pro se, has filed an emergency motion for relief pending appeal under Federal Rule of Appellate Procedure 8(a)(2). We deny the motion because Ms. Lawson has not demonstrated her entitlement to relief under Rule 8.[1]

    Ms. Lawson filed a notice of removal in a state court family matter, asserting that the federal district court had jurisdiction under 28 U.S.C. § 1443(1) because her rights under the Americans with Disabilities Act (ADA) were being denied in state court. Ms. Lawson also filed a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. While screening the complaint as required under § 1915, the magistrate judge

---

[1] It is not clear exactly what relief Ms. Lawson is seeking—a stay of an order of the district court pending appeal or an order granting an injunction while an appeal is pending, or both. But we need not resolve that question to dispose of her motion.

determined that removal was improper under § 1443(1) because Ms. Lawson had not alleged the denial of a right arising under a federal law "providing for specific civil rights stated in terms of racial equality," *State of Colo. v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (internal quotation marks omitted). The district court adopted the magistrate judge's report and recommendation and remanded the matter back to state court.

Ms. Lawson then filed an appeal from the district court's order, and a motion seeking relief pending appeal. Initially, we note that a party seeking relief under Rule 8 must move first in district court or "show that moving first in the district court would be impracticable[.]" Fed. R. App. P. 8(a)(1), (a)(2)(A)(i). Ms. Lawson did not file a motion in district court, and she has not shown that doing so would be impracticable. But more importantly, she has not shown this court is likely to have jurisdiction over her appeal because she does not offer any authority to support her position that § 1443(1) applies to claims arising under the ADA. She has therefore not shown the requisite likelihood of success on the merits of her appeal to be entitled to relief under Rule 8. *See* 10th Cir. R. 8.1; *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (stay pending appeal); *Warner v. Gross*, 776 F.3d 721, 728 (10th Cir. 2015) (injunction pending appeal).

Accordingly, we deny Ms. Lawson's motion for relief pending appeal under Rule 8. We also deny her "Motion to Supplement the Appellate Record Pursuant to FRAP 10(e) in Support of Emergency Motion for Relief Under FRAP 8."

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk