UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,
Pro Se Respondent/Appellant,

v.

Civil Action No. 5:25-cv-04045 (removed)

10th Circuit Appeal 25-3097

JONATHAN DAVID LAWSON
Plaintiff/Appellee.

## NOTICE OF FRAUD UPON THE COURT AND PRESERVATION OF RULE 60(b)(3) RELIEF

Respondent/Appellant, appearing pro se and under active ADA retaliation and federal investigation, submits this Notice to preserve the record and assert ongoing judicial fraud during underlying state proceedings in Anderson County District Court (Case No. 2020-DM-131), now removed and under appellate review in the Tenth Circuit (Case No. 25-3097).

JURISDICTIONAL
Although this Court's jurisdiction is paused pending appellate review, Respondent/Appellant files this Notice to ensure that all relevant facts of procedural fraud, ADA retaliation, and civil rights suppression are preserved for judicial review and potential remand under Rule 60(b)(3).

## I. PURPOSE OF THIS NOTICE

This filing places the Court on notice that material procedural and judicial fraud was committed under color of state law during the pendency of the above-captioned matter in Anderson County. These acts form the basis for forthcoming relief under Fed. R. Civ. P. 60(b)(3) in the event of remand and/or upon reactivation of jurisdiction in this Court.

## II. FRAUDULENT CONDUCT PRESERVED FOR FEDERAL REVIEW

Respondent/Appellant hereby identifies the following non-exhaustive examples of fraud upon the court:

1. Concealment of Respondent/Appellant's Filed Affidavit: Respondent/Appellant's affidavit, fax-filed March 4, 2025, was marked "confidential" in the docket without Respondent/Appellant's request or order to seal. No justification or hearing preceded the sealing. The Clerk (Tina Miller) refused to provide a file-stamped copy and instructed Respondent/Appellant to go through her ex-counsel.

2. Fabrication of a Hearing Record: Chief Judge Taylor Wine, in a denial of ADA accommodations dated April 18, 2025, cited the existence of a hearing that never occurred to justify denial. The court record was altered to show a fictitious event.
3. Retaliatory Severance of Parental Rights: Following Respondent/Appellant's formal ethics complaint against Judge Godderz, jurisdictional objections, and ADA grievance activity, the court issued custody-altering rulings in clear retaliation. These actions were taken without notice, without a hearing, without affording Respondent/Appellant the right to speak, present evidence, confront her accuser, or cross-examine the Guardian ad Litem. The resulting order was labeled "temporary" to evade appellate review, yet has remained in effect for nearly a year—far exceeding the 60-day statutory limit for temporary orders under Kansas law.
4. Unauthorized GAL Conduct: Guardian ad Litem Andrew Bolton billed and acted in a judicial role before formal appointment, with court knowledge and cooperation.
5. Suppression of Orders and Transcripts: No order was issued on multiple motions, including for ADA relief, visitation enforcement, or transcript production. Court reporters and clerks refused to furnish records, impeding Respondent/Appellant's appeals and ADA enforcement.
6. Zoom Access Denial on May 8, 2025 at 9:00am: After federal removal was filed, the state court proceeded with an unauthorized hearing from which Respondent/Appellant was actively excluded without given zoom access link for CART services, Respondent/Appellant found an old regular link and despite multiple entry attempts was declined entry not until 9:11am without any subtitles despite CART services being run.
7. Institutional Coordination Confirmed by April 7, 2025 Litigation Hold: Over 20 court officials, including administrative, judicial, and clerk personnel, were included in a formal preservation notice acknowledging litigation risk and ADA grievance exposure — yet misconduct continued thereafter.
8. These facts are also the subject of a judicial misconduct complaint filed with the Kansas Commission on Judicial Conduct, supplemented by recent DOJ and FBI notifications.
9. The suppression of records, denial of ADA access, and concealment of orders was not incidental — it reflects a systemic containment strategy across judicial districts, coordinated through internal communications now partially recovered via KORA.
10. This Notice is also being filed as an evidentiary attachment to Respondent/Appellant's Civil RICO complaint and submitted to federal oversight authorities.

Impact on Respondent/Appellant:
As a result of these coordinated acts, Respondent/Appellant has suffered irreparable harm to parental rights, due process, and access to accommodations. The suppression of records and denial of ADA requests directly impaired Respondent/Appellant's ability to participate in proceedings, prepare federal filings, and protect her child's safety.

Respondent/Appellant respectfully requests the Court take judicial notice of the attached Rule 60(b)(3) preservation filing submitted in Lawson v. Lawson, 5:25-cv-04045, as evidence of coordinated judicial fraud, obstruction, and ADA retaliation in support of the Civil RICO enterprise pattern.

III. PRESERVATION OF FED. R. CIV. P. 60(b)(3) RELIEF

Respondent/Appellant asserts that these coordinated acts constitute fraud, misrepresentation, and misconduct warranting vacatur of all tainted rulings upon reactivation of jurisdiction. This Notice is not a motion but an evidentiary preservation filing for:

- Review by this Court and appellate tribunals,
- Attachment to federal Civil RICO filings,
- Future invocation of Rule 60(b)(3), Rule 37, and any applicable ADA enforcement orders.

Pursuant to Fed. R. Civ. P. 37(e), Respondent/Appellant asserts that court staff and parties, after being placed on formal litigation hold via written notice on April 3, 2025, failed to take reasonable steps to preserve electronically stored information (ESI) relevant to the pending litigation. This includes court clerk correspondence, access logs, metadata related to affidavit alterations, and internal scheduling communications. The continued withholding or destruction of these materials constitutes spoliation subject to sanctions or adverse inference.

These acts occurred despite the April 7, 2025 internal litigation (Exhibit A) hold issued across the Kansas judicial administration network, which included over 20 officials. This hold acknowledged the foreseeability of litigation and triggered mandatory preservation duties — duties which were disregarded.

Respectfully submitted,

Angeliina Lawson
Pro Se Respondent/Appellant

Date: July 11, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2025, I filed the foregoing Notice with the Clerk of the Court using the CM/ECF system, and served copies on all parties by CM/ECF as appropriate.

Respectfully submitted,

Angeliina Lawson
Pro Se Respondent/Appellant

 Outlook

## FW: Litigation Hold - Angeliina Lawson

From Julie Clemens <Julie.Clemens@kscourts.gov>
Date Mon 4/7/2025 4:10 PM
To Alicia Nicodemus <Alicia.Nicodemus@kscourts.gov>; Alyssa Santiago <Alyssa.Santiago@kscourts.gov>; Amanda White <Amanda.White@kscourts.gov>; Dawn Wilkerson <Dawn.Wilkerson@kscourts.gov>; Debra Ludwig <Debra.Ludwig@kscourts.gov>; Hannah Lehman <Hannah.Lehman@kscourts.gov>; Heather Bohnsack <Heather.Bohnsack@kscourts.gov>; Kimberly Prusick <Kimberly.Prusick@kscourts.gov>; Patricia Douthitt <Patricia.Douthitt@kscourts.gov>; Patty Ponder <Patty.Ponder@kscourts.gov>; Sadelle Schmitz <Sadelle.Schmitz@kscourts.gov>; Sara Cox <Sara.Cox@kscourts.gov>
Cc Michelle Olberding <Michelle.Olberding@kscourts.gov>

1 attachment (168 KB)
Litigation Hold 040725-2.pdf;

Exhibit A

Exhibit A

## Julie Clemens

| | |
|---|---|
| **From:** | Julie Clemens |
| **Sent:** | Monday, April 7, 2025 4:11 PM |
| **To:** | Alicia Nicodemus; Alyssa Santiago; Amanda White; Dawn Wilkerson; Debra Ludwig; Hannah Lehman; Heather Bohnsack; Kimberly Prusick; Patricia Douthitt; Patty Ponder; Sadelle Schmitz; Sara Cox |
| **Cc:** | Michelle Olberding |
| **Subject:** | FW: Litigation Hold - Angeliina Lawson |
| **Attachments:** | Litigation Hold 040725-2.pdf |
| **Importance:** | High |