Case No. 25-3097

IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ANGELIINA LYNN LAWSON,

Respondent-Appellant,

v.

JONATHAN DAVID LAWSON,

Petitioner-Appellee.

MOTION TO CERTIFY CONSTITUTIONAL QUESTION TO THE UNITED

STATES SUPREME COURT

PURSUANT TO 28 U.S.C. § 1254(2) AND TENTH CIR. R. 10.3

Angeliina Lynn Lawson, Pro Se Appellant

███████████████████████████

Filed: July 22, 2025                                    ███████████████████

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 1254(2) and Tenth Circuit Rule 10.3, Appellant respectfully moves this Court to certify the following constitutional question of first impression to the Supreme Court of the United States:

*"Does 28 U.S.C. § 1443(1), which authorizes removal to federal court for persons denied 'any law providing for equal civil rights,' encompass disability-based rights secured under Title II of the Americans with Disabilities Act (ADA), as recognized and enforced pursuant to the Fourteenth Amendment?"*

This question lies at the heart of Appellant's appeal. The district court remanded her removal under § 1443(1), holding that the statute is limited to race-based rights. That narrow interpretation, which traces to dicta in *Johnson v. Mississippi*, 421 U.S. 213 (1975), and *City of Greenwood v. Peacock*, 384 U.S. 808 (1966), directly conflicts with the plain text of the statute and undermines the equal protection principles established in *Brown v. Board of Education*, 347 U.S. 483 (1954), and extended to disability-based claims in *Tennessee v. Lane*, 541 U.S. 509 (2004).

Certification is warranted because no federal appellate court has squarely addressed whether ADA Title II rights qualify under § 1443(1), and because the

question implicates a constitutional hierarchy of civil rights that Congress did not intend and the Constitution cannot permit.

## II. BACKGROUND AND PROCEDURAL POSTURE

Appellant removed her state custody matter to federal court under 28 U.S.C. § 1443(1), citing systemic ADA retaliation, procedural exclusion, and record suppression by Kansas state actors. The district court remanded on the sole ground that § 1443(1) applies only to race-based rights, failing to address Appellant's jury demand, evidentiary motions, or the documented ADA violations.

As detailed in the Opening Brief (see Dkt. 6, 8–12, 14–22, 30), Appellant presented evidence of:

- Denial of CART captioning and hearing access in violation of 28 C.F.R. § 35.160;
- Judicial retaliation for ADA grievances;
- Post-removal judicial orders in violation of § 1446(d);
- Clerk obstruction and altered dockets;
- Procedural exclusion barring enforcement of ADA rights.

Appellant's argument is that ADA Title II is a civil rights statute enacted under the Fourteenth Amendment to secure equal participation in public programs, including courts, and is therefore covered by § 1443(1)'s protection for "any law providing for equal civil rights."

III. QUESTION PRESENTED IS OF NATIONAL CONSTITUTIONAL SIGNIFICANCE

The question—whether *disability-based civil rights are categorically excluded from removal under § 1443(1)*—has never been addressed by the Supreme Court.

In *Brown*, the Court declared that "[s]eparate but equal has no place" in public education. That foundational principle evolved to protect other vulnerable groups denied access to justice, including women (*Frontiero*), children of undocumented immigrants (*Plyler*), and individuals with disabilities (*Lane*).

However, under the district court's reasoning, a state court could systematically exclude disabled litigants—by denying captioning, sealing their filings, and retaliating for ADA requests—and yet those litigants would be barred from federal removal unless the discrimination were based on race. Such an interpretation

reintroduces the "separate but equal" framework that *Brown* sought to eliminate, creating a caste-based system of federal access to justice.

This Court correctly identified this paradox in its own framing of the issues on appeal. Certification is thus necessary to resolve whether *Brown's* equality mandate extends to ADA Title II under § 1443(1), or whether modern civil rights claims are confined by Reconstruction-era race-specific precedents.

---

## IV. CERTIFICATION IS PROPER UNDER § 1254(2)

The statutory and prudential factors favor certification:

- First Impression: No federal circuit court has definitively answered whether ADA Title II qualifies as a law "providing for equal civil rights" under § 1443(1). Lower courts have split or declined to decide. See *Goshen Mortg. v. Altier*, 2023 WL 2478358 (11th Cir.); *Taos County v. Currier*, 625 F. App'x 358 (10th Cir.).
- Substantial Federal Importance: The question determines whether disabled litigants—like Appellant—can access a federal forum when state courts refuse to enforce ADA rights.

- Conflict with Constitutional Doctrine: Limiting § 1443(1) to race-only rights undermines the constitutional parity established in *Lane* and the textual breadth of "any law" in § 1443(1).
- Judicial Efficiency: A Supreme Court ruling will provide clarity to federal courts, state courts, and litigants regarding the scope of § 1443(1) in disability rights enforcement.

---

V. CONCLUSION

The Court is presented with a rare and urgent opportunity to resolve a constitutional ambiguity with profound national implications. The spirit of *Brown*, the structure of § 1443(1), and the evolution of disability rights all support certification of this question. Without such review, lower courts will continue applying an unequal standard of federal protection based on the classification of the litigant—a result flatly inconsistent with the promise of equal justice under law.

Appellant respectfully requests that this Court certify the following question to the United States Supreme Court under 28 U.S.C. § 1254(2):

"Does 28 U.S.C. § 1443(1), which authorizes removal where a person is denied a right under 'any law providing for equal civil rights,' include disability-based

rights under Title II of the Americans with Disabilities Act, enacted pursuant to the Fourteenth Amendment?"

Respectfully submitted, Dated: July 22, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se Appellant

███████████████████████████

████████████████████

---

CERTIFICATE OF SERVICE

*I certify that on* July 22, 2025*, the foregoing opening brief was filed electronically through CM/ECF. Notice of this filing will be sent by U.S mail to all parties by operation of the Court's electronic filing system, including*:

Jonathan David Lawson

█████████████████

██████████████

Respectfully submitted, Date: July 22, 2025

__/s/ Angeliina Lynn Lawson___

Angeliina Lynn Lawson, Pro Se Appellant

████████████████████████████

██████████████████████████████