IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

Case No. 25-3097

ANGELIINA LYNN LAWSON,

Appellant

v.

JONATHAN DAVID LAWSON,

Appellee

MOTION FOR PANEL RULING ON FRAUD UPON THE COURT AND CONSTITUTIONAL OVERSIGHT

COMES NOW the Appellant, Angeliina Lynn Lawson, pro se, and respectfully moves this Court for a ruling by the assigned merits panel on the preserved issues of (1) fraud upon the court, (2) void jurisdiction, and (3) systemic denial of access to judicial redress in violation of the First, Fifth, and Fourteenth Amendments. This request arises in light of new filings, obstruction in all related district court matters, and continuing suppression of summons and reassignment requests in federal civil rights cases arising from the same core record. Appellant invokes the supervisory authority of this Court under:

- Fed. R. Civ. P. 60(d)(3)

- 28 U.S.C. § 1443(1)
- Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)
- Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)
- Aoude v. Mobil Oil Corp., 892 F.2d 1115 (1st Cir. 1989)
- The Court's inherent constitutional oversight powers

BACKGROUND

Appellant removed the underlying case (2020-DM-131, Anderson County) to federal court on May 6, 2025, under 28 U.S.C. § 1443(1) due to systemic ADA retaliation and denial of court access. The state judge, Eric W. Godderz, issued a custody order on September 19, 2024 based on ex parte communications and false statements submitted by court officers without notice, hearing, or any opportunity for Plaintiff to respond. Upon removal, Judge Godderz held a hearing on May 8, 2025, in clear absence of jurisdiction.

Appellant filed a Notice of Fraud Upon the Court and Preservation of Rule 60(d)(3) (Dkt. 12) in this appeal, documenting the tainted record. A separate First Amended Civil RICO Complaint (6:25-cv-1179) outlines over 20 predicate acts committed by the same judicial and court officer defendants named in this record. All federal district cases (2:25-cv-02199, 2:25-cv-02171, 2:25-cv-02251)

stemming from this scheme have been stayed, denied summons, or obstructed, without ruling on motions to reassign under 28 U.S.C. § 292(b).

## TOTAL COLLAPSE OF ACCESS TO JUDICIAL FORUM

Since filing this appeal:

- No summons has been issued in any federal civil rights case filed by Appellant
- All IFPs have been granted yet followed by immediate stay or procedural obstruction
- Judges and clerks named in pending civil RICO action continue to rule in related dockets
- The District of Kansas has refused to adjudicate ADA access, retaliation, or fraud on the court

Appellant has now exhausted all lower-court mechanisms. The obstruction is no longer procedural; it is structural.

## GROUNDS FOR PANEL REVIEW AND RETENTION OF JURISDICTION

Appellant does not request remand to a district that has demonstrated systemic bias and functional denial of due process. Appellant asks this Court to:

1. Rule directly on the preserved fraud on the court claim (Dkt. 12)
2. Declare the Sept. 19, 2024 custody order void ab initio due to ex parte reliance on false evidence
3. Hold that ADA Title II is enforceable under 28 U.S.C. § 1443(1) as a law providing for equal civil rights
4. Certify the constitutional question to the U.S. Supreme Court under 28 U.S.C. § 1254(2), if needed
5. Grant oral argument or evidentiary hearing, if required, to develop the factual record concerning the fraud and ADA exclusion presented in the appeal

This case exemplifies why appellate review of structural judicial fraud and ADA discrimination is constitutionally necessary. If not here, there is no remaining neutral forum.

## PLAINTIFF'S RECORD PROVES THE HAZEL-ATLAS STANDARD

The September 19, 2024 custody order was procured via:

- Suborned perjury by court-appointed GAL Andrew Bolton and opposing counsel BreAnne Poe
- Ex parte email communications never entered into the record

- Suppression of contradictory evidence, including therapist compliance logs and ADA requests

The Tenth Circuit has supervisory jurisdiction to review judgments so procured under Hazel-Atlas, especially where the judicial machinery has been defiled by court insiders.

## RELIEF REQUESTED

Appellant respectfully requests:

- That this Court rule on the preserved fraud on the court claim
- That it retain jurisdiction and decline to remand
- That it vacate the state order of Sept. 19, 2024
- That it formally rule on the inclusion of ADA Title II under 28 U.S.C. § 1443(1)
- That it consider certifying the constitutional access question to the U.S. Supreme Court
- That it grant an evidentiary hearing or oral argument to resolve these constitutional and factual issues if necessary

Respectfully submitted,                    Date: August 25, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson

Pro Se Appellant

(Contact information on file)

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025, I caused a true and correct copy of this Motion for Panel Ruling on Fraud Upon the Court and Constitutional Oversight to be served by U.S. Mail and/or electronic filing through the Tenth Circuit ECF system upon the following:

Jonathan David Lawson

(Address on record)

/s/ Angeliina Lynn Lawson

Pro Se Appellant