IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

Case No. 25-3097

JONATHAN DAVID LAWSON,

Petitioner, Appellee

v.

ANGELIINA LYNN LAWSON,

Respondent, Appellant Pro Se

Appealed from 5:25-cv-4045

Judge John Broomes and Magistrate Judge Teresa James

NOTICE OF UNAUTHORIZED PRACTICE OF LAW AND INTERFERENCE WITH

FEDERAL JURISDICTION

Comes now, the Appellant, Angeliina Lynn Lawson, appearing *pro se* and under the protection of 28 U.S.C. § 1446(d), 42 U.S.C. § 12203, and the Americans with Disabilities Act, and submits this Notice of Unauthorized Practice of Law ("UPL Notice") concerning BreAnne H. Poe,

1

attorney for Jonathan David Brent Lawson, who continues to litigate in lower courts despite lacking standing or admission before this Court.

I. FACTUAL BASIS

1. This appeal was docketed on June 2025 following removal from the Fourth Judicial District (Anderson County Case No. 2020-DM-131). Jurisdiction now lies exclusively with this Honorable Court and the U.S. District Court for the District of Kansas.

2. BreAnne H. Poe has never filed an entry of appearance, notice of representation, or motion for admission before this Court as required by Fed. R. App. P. 46(a) and 10th Cir. R. 46.1(A).

3. Despite this, Ms. Poe has continued to file motions and correspondence in Anderson County District Court after federal removal (see Index # 55, "*Petitioner's Motion to Modify Payment for Supervised Parenting Time*" filed June 19, 2025 and Index #63, "*Motion to Suspend Parenting Time*," filed Oct 16 2025), creating parallel litigation and conflicting directives in a divested tribunal in violation of 28 U.S.C. § 1446(d) and Fed. R. App. P. 42.1.

4. Ms. Poe is also a named defendant in Appellant's related federal civil-rights and RICO litigation (*Lawson v. Godderz et al.*, D. Kan. Case No. 6:25-cv-01179). Her continued activity as "counsel" in the underlying state docket therefore constitutes a conflict of interest and a dual role as defendant and representative in matters arising from the same operative facts.

5. This conduct constitutes unauthorized practice of law before a federal tribunal, extrinsic fraud, and interference with appellate jurisdiction, violating:

2

- Fed. R. App. P. 46(c) (Discipline and Disbarment);

- 28 U.S.C. § 1654 (right of parties to conduct their own cases or appear through attorneys "admitted to practice before the court"); and

- Model Rules 3.3(a) and 5.5(a) (Kansas Rules of Professional Conduct – prohibition against unauthorized practice).

6. In addition, Ms. Poe's filings in the divested Anderson County court are being treated by third-party providers as de facto judicial orders despite no signed entry or ruling appearing on record. Court-appointed contractors, including 4 Families (formally the Layne Project) and other service providers, have enforced Ms. Poe's private motions as if they carried judicial authority canceling court-ordered parenting time, altering supervision schedules, and denying access to the child. This establishes that "ghost orders" are emanating from a private channel of communication between Ms. Poe and Judge Eric W. Godderz, who has already been deemed biased and reprimanded for judicial misconduct by both the Kansas Court of Appeals and the United States Supreme Court (2023) for refusing to recuse and for discrimination against multiple pro se litigants. These continued off-record communications and extrajudicial influences constitute ongoing fraud upon the court, color-of-law corruption, and direct obstruction of federal appellate jurisdiction.

## II. LEGAL AUTHORITY

Federal law is explicit that, once a case is removed, state-court jurisdiction is immediately divested, and all proceedings thereafter are "void and without effect."
*Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 249 (4th Cir. 2013). Continued filings in a

divested court by non-admitted counsel constitute interference with this Court's authority and can warrant disciplinary referral under Fed. R. App. P. 46(b) and (c).

III. REQUEST FOR ACTION

Appellant respectfully requests that this Court:

1. Take judicial notice that BreAnne H. Poe has not entered an appearance in Case No. 25-3097 nor been admitted to practice before this Court;

2. Refer Ms. Poe to the U.S. District Court for the District of Kansas for review and possible disciplinary proceedings under Fed. R. App. P. 46(c) and D. Kan. Rule 83.6.1;

3. Transmit a copy of this Notice to the Kansas Office of the Disciplinary Administrator for investigation of the unauthorized practice of law and related ethical breaches;

4. Direct the Clerk of Court to annotate the docket that any filings, correspondence, or representation by BreAnne H. Poe shall be deemed void for lack of jurisdiction and unauthorized appearance; and

5. Grant any further relief necessary to preserve the integrity of this Court's proceedings and prevent continuing interference with federal jurisdiction.

Submitted by,  Dated: October 21, 2025

/s/ Angeliina Lynn Lawson

Appellant Pro Se

IV. CERTIFICATE OF SERVICE

I certify that on 21st of October, 2025 a true and correct copy of this

Notice of Unauthorized Practice of Law was filed via CM/ECF and served upon:

- BreAnne H. Poe, breanne@breannepoelaw.com

- Jonathan David Brent Lawson, jdlawson105@gmail.com



/s/ Angeliina Lynn Lawson

Appellant Pro Se