FILED
United States Court of Appeals
Tenth Circuit

November 4, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

JONATHAN DAVID LAWSON,

    Plaintiff - Appellee,

v.

ANGELIINA LYNN LAWSON,

    Defendant - Appellant.

No. 25-3097
(D.C. No. 5:25-CV-04045-JWB-TJJ)
(D. Kan.)

_____

**ORDER**
_____

Before **HARTZ**, **PHILLIPS**, and **ROSSMAN**, Circuit Judges.
_____

    Appellant Angeliina Lynn Lawson has filed an Emergency Motion for Injunction Pending Appeal, seeking relief under Federal Rule of Appellate Procedure 8(a)(2) in this case arising from state-court child custody proceedings. Ms. Lawson asks the court "to halt ongoing, extra-judicial interference with her parental rights and liberties, medical/educational decision-making authority, and ADA [Americans with Disabilities Act] access during this appeal." Mot. at 2. We deny the motion because Ms. Lawson has not demonstrated her entitlement to relief under Rule 8.

    Ms. Lawson filed a notice of removal of the state-court proceedings, asserting that the federal district court had jurisdiction under 28 U.S.C. § 1443(1) because her rights under the ADA were being denied in state court. On screening under 28 U.S.C. § 1915(e)(2), the magistrate judge determined that removal was improper under

§ 1443(1) because Ms. Lawson had not alleged the denial of a right arising under a federal law "providing for specific civil rights stated in terms of racial equality," *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (internal quotation marks omitted). The district court adopted the magistrate judge's report and recommendation and remanded the matter back to state court. Ms. Lawson appealed the district court's order.

On June 25, 2025, this court denied Ms. Lawson's earlier motion for relief pending appeal under Rule 8. We reasoned that she did not offer any authority to support her position that § 1443(1) applies to claims arising under the ADA, so she did not show this court is likely to have jurisdiction over her appeal. Therefore, she could not show the requisite likelihood of success on the merits of her appeal to warrant relief under Rule 8. *See* 10th Cir. R. 8.1; *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (stay pending appeal); *Warner v. Gross*, 776 F.3d 721, 728 (10th Cir. 2015) (injunction pending appeal).

Though the specifics of Ms. Lawson's request for injunctive relief differ from the request in her June 16, 2025, motion, the critical deficiency remains the same: she has not established this court is likely to have jurisdiction over her appeal under 28 U.S.C. § 1447(d). With respect to jurisdiction, she states only: "Upon removal, state courts are divested of jurisdiction (28 U.S.C. § 1446(d)). Enforcing expired custody changes never having subject matter jurisdiction via ghost directives is ultra vires and void ab initio." Mot. at 5. This statement does not speak to *this court's* jurisdiction and does not satisfy Rule 8.

The motion is therefore denied.

> Entered for the Court
>
> CHRISTOPHER M. WOLPERT, Clerk